EVENSON, Respondent, vs. WAUKESHA NATIONAL BANK, Appellant, and CITIZENS' NATIONAL BANK OF STOUGHTON and another, Interpleaded, Respondents.

*January 13—February 9, 1926.*

*Bills and notes: Forged indorsement to certificate of deposit: Title of indorsee: Negligence of owner of certificate: Estoppel: Indorsement as guaranty of prior indorsements: Payment by issuing bank: Liability.*

1. A bank in which stolen certificates of deposit were deposited to the account of the thief, who had forged the owner's indorsement, got no title thereto.   p. 174.
2. The owner of the certificates having been found not guilty of negligence by the trial court, the bank is not entitled to recover on the ground that he did not notify it sooner of the loss, where such notice was given four days from the time the owner discovered the loss and about ten days after the bank had cashed the last certificate.   p. 174.
3. The defense of estoppel is not available unless pleaded.   p. 174.
4. While, in an action against the banks which issued the certificates, the defense of payment would not have been available, in an action by the owner against the bank which cashed them such bank must respond for the value of the certificates it had unlawfully converted.   p. 175.
5. The defendant bank, which cashed the stolen certificates without proof of the identity of the holder, by its indorsement guaranteed the prior indorsements, and, even if the issuing banks were negligent in paying the certificates upon presentation, defendant's negligence was first in point of time and far more culpable, and it could not recover from the issuing banks the amount it was required to pay the owner.   p. 175.

APPEAL from a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge.   *Affirmed.*

This was an action by the plaintiff against the *Waukesha National Bank* to recover the value of two certificates of deposit issued to the plaintiff by the defendant *Stoughton State Bank,* and one certificate of deposit issued to the plaintiff by the defendant *Citizens' National Bank.* Each of such certificates was payable to the order of the plaintiff. The certificates of deposit were stolen from the plaintiff by one Irving Stevens, and by him forged and deposited to his account in the *Waukesha National Bank.* Action was brought against the *Waukesha National* Bank, and by order of the court the two Stoughton banks were interpleaded.

The defendant *Waukesha National Bank,* by way of answer to the plaintiff's complaint, admitted the issuance of said certificates to the plaintiff and that they were payable only on the indorsement of the plaintiff; alleged that the defendant received the certificates in good faith and in the usual course of business before due, and upon the same date of the receipt of these certificates of deposit forwarded the same in the regular and usual course of business for collection and payment to the issuing banks; and as to all other material allegations made general denial.

The defendant *Waukesha National Bank* further answered by way of cross-complaint against the defendants *Stoughton State Bank* and *Citizens' National Bank,* as set forth in its answer to the plaintiff's complaint, and further that said defendants *Stoughton State Bank* and *Citizens' National Bank of Stoughton,* having full knowledge and information as to the genuine signature of the said plaintiff, negligently cashed and paid said certificates of deposit upon the indorsements appearing thereon, and duly forwarded the money due on said certificates of deposit to the *Waukesha National Bank.*

Said defendant *Waukesha National Bank* demanded that the plaintiff's complaint be dismissed, and, in the alternative, that should the said *Waukesha National Bank* be held liable to the plaintiff, it recover the amount so adjudged against it

in favor of the plaintiff, against the defendants *Stoughton State Bank* and *Citizens' National Bank,* for the respective proportions of said judgment to which each of said last named banks would be liable.

The case was tried before the court without a jury. The court made its findings of fact in substance as follows: It found the issuance of said certificates of deposit as alleged; that said certificates, without the knowledge or consent of the plaintiff, were surreptitiously taken from his possession and his indorsements forged thereon, and the certificates thereupon negotiated at the *Waukesha National Bank* and by said bank converted to its own use; that the defendant *Waukesha National Bank,* immediately after the receipt of said certificates, indorsed each thereof and sent them through its correspondent to the Stoughton banks; that the Stoughton banks duly paid the same; that all of said payments were made in the ordinary course of business, each of said paying banks believing the forged indorsement of the plaintiff thereon to be genuine, and all of said payments were made by both of said banks without any negligence or carelessness on their part. As conclusions of law the court held the plaintiff entitled to judgment against the defendant *Waukesha National Bank,* and dismissed the cross-complaint of the defendant *Waukesha National Bank* against the issuing banks. Judgment was entered accordingly, and the defendant *Waukesha National Bank* appeals.

For the appellant there was a brief by *Frame & Blackstone* of Waukesha, and oral argument by *Harvey J. Frame.*

For the respondent *Evenson* there was a brief by *Clancey, Loverud & Loverud* of Stoughton, and oral argument by *E. K. Loverud.*

*Rufus B. Smith* of Madison, for the respondents *Stoughton State Bank* and *Citizens' National Bank of Stoughton.*

CROWNHART, J. Plaintiff was an old man, sixty-nine years of age, who lived at Stoughton. He had been in busi-

ness there for a number of years, and had dealt with each of the issuing banks, having had in each bank a checking account, and having had certificates of deposit from such banks, but for the last four or five years he had not carried a checking account but had certificates of deposit from each of said banks.

Plaintiff had his residence and office over a garage, and his brother, John Evenson, lived with him. He had a desk in his living room, and he had a small safe in an adjoining room, which he kept locked with a combination lock. Irving Stevens, a young man twenty-two years of age, had been brought up in the family of *Ole Evenson's* sister, Martha Stevens. He had been taken from an orphanage but had not been adopted. He seemed to have had the freedom of the residence of *Ole Evenson*. He discovered the combination to the safe, opened it, and abstracted therefrom the three certificates of deposit in question besides two or three others. He seems to have been living at Janesville at the time. He took the three certificates of deposit to the *Waukesha National Bank* and there negotiated them, placing the receipts to his credit in the bank. Two certificates issued by the *Stoughton State Bank* for $200 each were deposited with the defendant *Waukesha National Bank* on February 13, 1922. He was then unknown to the bank officials. Stevens went to the bank during the noon hour, represented himself as *Ole Evenson,* and claimed that he wished to go into business in Waukesha. He was questioned by the cashier of the bank as to his identity, and he answered that he was acquainted with a couple of Waukesha residents, naming them, but the cashier was unable to reach them by 'phone at the time because they were out to lunch. The cashier further questioned Stevens about his acquaintance in Stoughton, and finally the cashier became convinced of his identity as *Ole Evenson* from Stevens' statements only, accepted the certificates, and placed them to Stevens' credit under the name of *Ole Evenson*. The certificates were sent

to the issuing banks in due course, were promptly paid, and the *Waukesha National Bank* received the cash. The certificate of the *Citizens' National Bank* for $1,250 was deposited by Stevens with the *Waukesha National Bank* on the 9th day of March, 1922, and credited to his account under the name of *Ole Evenson*. All but $15 of the deposits so made was shortly thereafter checked out by Stevens.

About the 15th of March *Ole Evenson* discovered the theft of his certificates and found that they had been cashed at the issuing banks. Within three or four days thereafter he went to Waukesha and notified the *Waukesha National Bank* of the situation.

The *Waukesha National Bank* got no title to the certificates of deposit. Sec. 116.27, Stats.

It is the claim of the defendant *Waukesha National Bank* that the plaintiff is not entitled to recover, on the ground that he is estopped because of negligence in not notifying the bank sooner of the loss of the certificates. The trial court found that the plaintiff was guilty of no negligence, and in this we fully agree. Further, the *Waukesha National Bank* did not plead any estoppel against the plaintiff, and without such a plea the defense of estoppel is unavailing. *Warder v. Baldwin,* 51 Wis. 450, 8 N. W. 257; *Pratt v. Hawes,* 118 Wis. 603, 95 N. W. 965; *Wis. Farm Land Co. v. Bullard,* 119 Wis. 320, 96 N. W. 833.

The claim of the *Waukesha National Bank* as to the issuing banks is to the effect that because said banks paid the certificates of deposit they were guilty of negligence which makes them primarily liable to plaintiff. It is claimed that the issuing banks were bound to know the signatures of their depositors, and should have refused payment on the forged indorsement. If the plaintiff had brought his action against the issuing banks they could not have defended on the ground of payment, but plaintiff here seeks judgment against the *Waukesha National Bank.* As to the plaintiff the *Waukesha National Bank* had no defense. It converted

the plaintiff's certificates of deposit to its own use. Such conversion was unlawful, and it must respond to plaintiff to the value of the property so converted.

We are now concerned only with the right of the *Waukesha National Bank* to recover against the issuing banks. As to these banks, the *Waukesha Bank,* under the common law and by statute, became a guarantor of the signature of *Ole Evenson* to the certificates of deposit when it indorsed the certificates and forwarded the same for payment. Sec. 116.70, Stats.; 8 Corp. Jur. 393. Even if the negligence of the issuing banks be conceded in paying said certificates of. deposit upon the forged indorsement of *Evenson,* still it must be held that the negligence of the *Waukesha Bank* in accepting the forged indorsement of Stevens, without any proof of identity, was first in point of time and by far the more culpable. It is quite understandable that the issuing banks would cash said certificates of deposit without careful scrutiny where the signatures thereon were guaranteed by two or more banks. It is admitted that each of the issuing banks acted in good faith in cashing the certificates. Under the circumstances, we do not see how the *Waukesha National Bank* can recover from the issuing banks.

*By the Court.*—The judgment of the circuit court is affirmed.