The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a New Jersey corporation, Plaintiff,

v.

**MARINE NATIONAL EXCHANGE BANK**, Defendant.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a New Jersey corporation, Plaintiff,

v.

**CAPITOL MARINE BANK**, Defendant.

No. 69-C-545.

United States District Court, E. D. Wisconsin.

July 24, 1970.

Quarles, Herriott, Clemons, Teschner & Noelke by Lester S. Clemons and William A. Stearns, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & Hayes, by Ward Dunphy, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In each of these cases, the defendant has moved for judgment on the pleadings on the ground that the facts pleaded in the complaint fail to state a claim upon which relief can be granted. There are two separate actions involving different defendants; however, the issues in the two cases are the same. The instant decision will discuss case number 69–C–545, involving the Marine National Exchange Bank, but the same reasoning and ruling will apply to both cases.

The complaint charges that the Marine National Exchange Bank paid out $20,000 on a check bearing a forged endorsement. The check had been drawn by the plaintiff, The Prudential Insurance Company, payable to the order of Hilda Nissen. The check was drawn on the Northwestern National Bank of Minneapolis.

Paragraph 5 of the complaint alleges as follows:

"The payee of the check never received the same, the check was inter-cepted by or on behalf of James C. Williamson, who resides in Hales Corners, Wisconsin and the signature of the named payee was forged thereon."

The complaint goes on to state that in cashing the check, the Marine National Exchange Bank was negligent and "failed to follow reasonable commercial standards in that it failed to take reasonable steps available to it to ascertain the genuineness of the endorsement thereon * * *." It is also averred that the check was forwarded by the Marine National Exchange Bank and was paid by the drawee bank (Northwestern National). The amount of the check was charged to the account of the plaintiff.

The bones of the complaint have remarkably little meat on them. Except for his residence, the identity of James C. Williamson is not disclosed, nor does the complaint explain in what manner he "intercepted" the check. The act of forgery is asserted in the passive voice. The complaint discloses Mr. Plotkin's residence and the fact that he received the proceeds of the check, but it does not otherwise disclose his participation in the transaction.

The terseness of the complaint does not necessarily detract from its legal sufficiency. The question before the court is whether the drawer of the check (Prudential) can directly sue the collecting bank (Marine).

In seeking judgment on the pleadings, the defendant, Marine National Exchange Bank, urges that the plaintiff must instead seek relief from the drawee bank; it contends that to allow the drawer to sue a collecting bank enables the drawer to circumvent defenses which the drawee bank might have asserted. On the other hand, the plaintiff contends that circuity of action is avoided when suit is brought against the bank which *first* erroneously cashed the draft bearing a forged endorsement.

The issue raised by the defendant's motion does not seem to have been resolved by the new Uniform Commercial

Code, Chaps. 403 and 404, Wis.Stats. In Stone & Webster Engineering Corporation v. First National Bank and Trust Company of Greenfield, 345 Mass. 1, 184 N.E.2d 358, 361, 99 A.L.R.2d 628 (1962), the court said:

"But there is no explicit provision in the Code purporting to determine to whom a collecting bank may be liable, and consequently, the drawer's right to enforce such a liability must be found elsewhere. Therefore, we conclude that the case must be decided on our own law, which, on the issue we are discussing, has been left untouched by the Uniform Commercial Code in any specific section."

The Massachusetts court went on to conclude that the drawer of the check did not have the right to recover against the collecting bank.

A contrary result was reached in Allied Concord Financial Corp. v. Bank of America Nat. Trust & Savings Ass'n, 80 Cal.Rptr. 622, 6 UCC Reporting Service 749 (Cal.App.1969). The impressive analysis by the California court is set forth in the following paragraph, appearing at page 624 of 80 Cal.Rptr., at page 752 of 6 UCC Reporting Service:

"On third-party beneficiary principles we think the benefit of warranties given by a bank which negotiates a check on a forged endorsement extends by implication to the drawer of the check. (Comm.Code, secs. 4207, 3603(2).) By allowing direct suit, we reduce circuity of action and make litigation easier between parties located in different jurisdictions. In this case the drawer of the check and the drawee bank are located in New York, and the depositary and collecting banks are located in California. Obvious procedural difficulties are avoided by permitting direct suit by the drawer, the party which suffered the loss, against the depositary bank, the party which first honored the forged endorsement. Settlement in one lawsuit of all aspects of a controversy involving commercial paper is clearly one of the prime objectives of the Commercial Code. (See Comm.Code, secs. 4406, 3803, anno comment #8, sec. 3417: 'Where there is an indorsement the warranty runs with the instrument and the remote holder may sue the indorser-warrantor directly and thus avoid a multiplicity of suits which might be interrupted by the insolvency of an intermediate transferor.') We conclude that direct suit by the drawer against a depositary bank is authorized under the Commercial Code. The West Virginia Supreme Court of Appeals has reached a similar conclusion. (Commercial Credit Corp. v. Citizens Nat. Bank (1965), 150 W.Va. 196, 144 S.E.2d 784; see also cases collected in 99 ALR2d 638, ff.) Our conclusion is fortified by section 3419(3) of the Commercial Code which by implication permits direct suit by the true owner of a forged check against a representative, including a depositary or collecting bank, to the extent of any proceeds remaining in the hands of the representative."

Although its decision predates the adoption of the Uniform Commercial Code, the Wisconsin supreme court applied the following rule in National Surety Corp. v. City Bank and Trust Co., 248 Wis. 32, 34, 20 N.W.2d 559, 560 (1945):

"An intermediary bank which receives a check over a forged endorsement and collects it from the drawee is liable to the drawer or owner for his loss. * * * "

The liability of a bank which is first in time in carelessly accepting a forged endorsement is set forth in Evenson v. Waukesha National Bank, 189 Wis. 170, 207 N.W. 415 (1926).

It is my conclusion that the defendant, Marine National Exchange Bank, is not entitled to judgment on the pleadings.

Now, therefore, it is ordered that the defendants' motions in both cases, 69–C–545 and 69–C–546, be and hereby are denied.