

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
Texas State Treasurer
Treasury Department
P. O. Box 12608, Capitol Station
Austin, Texas    78711

Opinion No.  MW-556

Re:  Applicability of section
4.406(d), Texas Business and
Commerce Code, to warrants
issued by the comptroller and
paid by the state treasurer

Dear Mr. Harding:

You have requested our opinion as to whether section 4.406(d) of
the Texas Business and Commerce Code (hereinafter TUCC) applies to
state warrants issued by the comptroller of public accounts and drawn
on and paid by the state treasury. In addition, you ask if there is a
statute of limitations which applies to the return of state warrants
to presenting banks or other parties due to late discovery of faulty
or improper presentation.

Before reaching your specific questions, we must address the
threshold issue of whether chapter four of the TUCC can be said to
apply to the treasury of the state of Texas. Chapter four covers,
generally, bank deposits and collections, and constitutes a uniform
statement of the principal rules of the bank collection process. Tex.
Bus. & Comm. Code §4.101, comment. In the context of your inquiry,
the provisions of chapter four apply to the treasury of the state of
Texas only if the treasury is a "bank" within the meaning of the code.

Although the term "bank" may have a commonly understood meaning
which connotes a state or federally regulated corporate entity and
which would necessarily preclude the inclusion of a governmental body
as one of its kind, we are not dealing with the dictionary definition
of a "bank." The TUCC definitions are terms of art, limited to the
specific statutory enactment and not intended to apply generally.
Reed v. Washington Trailer Sales, Inc., 393 F. Supp. 886 (M.D. Tenn.
1974). We are bound to apply the code's statutory definition in
deciding the issue of the applicability of chapter four. Nelson v.
Union Equity Co-Operative Exchange, 548 S.W.2d 352 (Tex. 1977). A
"bank" is defined as any person engaged in the business of banking.
Tex. Bus. & Comm. Code §1.201(4). A "person" is an individual or an
organization, and an "organization" includes a government or
governmental subdivision or agency. Tex. Bus. & Comm. Code
§1.201(28), (30). Thus, the state treasury is a "bank" for purposes

of chapter 4 of the code if it is engaged in the "business of banking." Neither the Uniform Commercial Code nor the Texas Uniform Commercial Code defines the "business of banking."

> This has a two-fold aspect. First, it permits the Code to apply to whatever business is known as the 'banking business' at the particular time in question rather than narrowing the application to persons engaged in what was known as the banking business as of the time when the Code was adopted. This flexible coverage of the Code is in harmony with its underlying purposes of 'modernizing' the law governing business transactions, and of permitting continued expansion of commercial practices through usage. Secondly, it permits the Code to apply to persons and to organizations which engage in only a restricted area or segment of the total possible banking business. To hold that to be a bank there must be an engaging in the totality of banking business would lead to the absurd result that many organizations which are admittedly and obviously engaged in bank collections would not be considered banks within the meaning of the Code.

1 R. Anderson, Uniform Commercial Code, §1-201:8, at 74 (2d ed. 1970). The courts have held that the keeping of deposits constitutes the business of banking. Moran v. Cobb, 120 F.2d 16 (D.C. Cir. 1941), cert. dismissed, 314 U.S. 703 (1941); Brenham Production Credit Association v. Zeiss, 264 S.W.2d 95 (1954); Kaliski v. Gossett, 109 S.W.2d 340 (Tex. Civ. App. - San Antonio 1937, writ ref'd). "[A] person carrying on the business of receiving deposits may be said to be carrying on the banking business." Rosenblum v. Anglim, 135 F.2d 512, 513 (9th Cir. 1943). The treasurer of the state of Texas keeps and pays out deposits. V.T.C.S. arts. 4370, 4371. To that limited extent, the treasurer is engaged in what is commonly recognized as the business of banking. Thus, the state treasury is a "bank" to which chapter four of the TUCC applies. It must be reiterated that we are finding here that the treasury is a bank only as defined by the TUCC, with the only result being that the uniform commercial rules set out in chapter four are applicable to the treasury. This result is compelled by the terms of the statute and fosters the underlying purposes and policies of the TUCC. The code "was written in terms of current commercial practices, to meet the contemporary needs of a fast moving commercial society and to advance fair dealing." 1 R. Anderson, Uniform Commercial Code, §1-102:7, at 12 (2d ed. 1970). The treasury is involved, on an enormous scale, with daily financial transactions. The provisions of chapter four promote the smooth and orderly disposition of financial transactions and are to the benefit of the state of Texas.

Having found that chapter four of the TUCC does apply to the state treasury, we turn to your inquiry regarding the applicability of section 4.406(d) of the TUCC to state warrants. Section 4.406(d) provides:

> Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer (Subsection (a)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from the time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

This section has been cited to you as a basis for a bank's refusal to charge back an amount paid on a state warrant which had a forged indorsement.

Special Fund Warrant No. R499313 was issued on June 1, 1977. The warrant was deposited in a collecting bank on June 6, 1977, and passed through an intermediary bank to the state treasurer on June 8, 1977. The treasurer paid the warrant on June 9, 1977. On June 18, 1980, the payee notified the state, by affidavit, that she had neither received nor indorsed the Family Care Provider Warrant issued to her for services rendered in May 1977, indicating that the indorsement on the warrant was forged by an unknown third party. On June 30, 1980, the warrant was returned to the collecting bank for a charge back. The collecting bank has refused to return the amount of the warrant to the state, claiming that the treasurer is barred by section 4.406(d) from seeking recovery based upon the forged indorsement.

By its terms, section 4.406(d) governs the relationship between a bank and its customer. The treasury is not a customer of the collecting bank in this instance. If the treasury is barred from recovering the money paid on a forged indorsement under the facts you have described, it is by virtue of section 4.406(e) of the TUCC which provides:

> If under this section a payor bank has a valid defense against a claim of a customer upon or resulting from payment of an item and waives or fails upon request to assert the defense the bank may not assert against any collecting bank or other prior party presenting or transferring the item a claim based upon the unauthorized signature or alteration giving rise to the customer's claim.

"Under the Commercial Code, defenses available to a drawee bank against claims of its depositor, by clear implication are also available to a collecting or depository bank." Allied Concord Financial Corporation v. Bank of America National Trust and Savings Association, 275 Cal. App. 2d 1, 80 Cal. Rptr. 622, 625 (1969). Those defenses include the time limits imposed by section 4.406(d). Sun 'N Sand, Inc. v. United California Bank, 148 Cal. Rptr. 329, 582 P.2d 920 (1978). Therefore, if the treasury has a valid defense to a demand by its customer to charge back the amount paid on the warrant bearing a forged indorsement, such defense is, in turn, available to the collecting bank.

Under section 4.104(a)(5) of the TUCC, a "customer" is "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank." The person whose funds were on deposit with the treasury and whose funds were used to pay the warrant in question was the state of Texas. The state's failure to notify the treasury of the forgery of Special Fund Warrant No. R499313 within three years triggers the bar of section 4.406(d). Consequently, the treasury may not look to the collecting bank for reimbursement based upon the forged indorsement of that warrant.

In response to your second inquiry, it is our opinion that statutes of limitations, generally, are not applicable to the state when it is operating in its governmental capacity. Hemphill County v. Adams, 408 S.W.2d 926 (Tex. 1966); Lewis Cox and Son, Inc. v. High Plains Underground Water Conservation District No. 1, 538 S.W.2d 659 (Tex. Civ. App. - Amarillo 1976, writ ref'd); Miller v. State, 155 S.W.2d 1012 (Tex. Civ. App. - Waco 1941, writ ref'd). This principle does not eliminate the bar of section 4.406(d) and (e). Statutes of limitations may apply to the state if such provision is made by statute. State v. Stone, 271 S.W.2d 741 (Tex. Civ. App. - Beaumont 1954, no writ). Through its definitions of "bank," "person," and "organization," the TUCC makes clear that its provisions do apply to the government or to governmental subdivisions or agencies.

## S U M M A R Y

Sections 4.406(d) and (e) of the Texas Business and Commerce Code apply to state warrants issued by the comptroller of public accounts and drawn on the state treasury. The time limits set by these sections constitute a bar to recovery applicable to the state.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Catherine Fryer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Catherine Fryer
Rick Gilpin
Patricia Hinojosa