ON APPLICATION FOR REHEARING
HORNSBY, Chief Justice.
This Court’s opinion issued August 23, 1991, is withdrawn, and the following is substituted therefor:
On October 25, 1989, Union Bank & Trust Company (“Union Bank”) lent Bill Burnette $10,900. Burnette had told the *561 loan officer at Union Bank that he wanted the money to buy a 1989 Dodge Caravan van from L.C. Skinner Used Cars (“Skinner”); that the price of the van was $12,-900; and that he had already paid $2,000 as a down payment. Burnette gave the loan officer a “bill of sale and invoice” for the Caravan, which Burnette had forged and which did not contain a mileage listing. Burnette also gave the loan officer a personal financial statement with an itemized list of assets attached.
The loan officer telephoned Skinner, and an employee confirmed that Skinner was a title agent. However, the loan officer apparently asked no questions regarding Bur-nette and the Caravan. The loan officer also had Burnette complete a loan application, and he obtained a credit report on Burnette. On October 27, 1989, Union Bank approved the loan. Burnette signed a promissory note and a security agreement and was given a check for $10,900. The check was made payable to Burnette and L.C. Skinner as joint payees. Burnette endorsed the check with his signature and forged Skinner’s indorsement. He then presented the check to Elmore County National Bank (“ECNB”), which credited the proceeds to Burnette’s account. Thus, the posture of the parties in this case as it relates to this transaction is as follows:
1) Union Bank — drawer and payor bank;
2) Burnette and L.C. Skinner Used Cars — joint payees; and
3) ECNB — depositary bank and collecting bank.
Burnette subsequently defaulted on the loan and later filed for bankruptcy. After Burnette had become six months delinquent in payment on the loan, Union Bank turned his account over to one of its collection agents. On May 17, 1990, the collection agent discovered that the bill of sale was a forgery and that Union Bank had never obtained title to the vehicle. The collection agent also discovered that Bur-nette had never purchased a vehicle from Skinner and that he had forged Skinner’s endorsement on the check. On August 13, 1990, Union Bank filed a three-count complaint against ECNB, alleging (1) breach by ECNB of a duty to authenticate Skinner’s endorsement; (2) breach of implied warranty as to the genuineness of Skinner’s endorsement, Ala.Code 1975, § 7-4-207(2); and (3) conversion under § 7-3-419(l)(c).
On December 19, 1990, ECNB filed a motion for summary judgment. In its answer to the complaint, ECNB raised several affirmative defenses, including negligence and lack of damage to Union Bank. The trial court found generally that Union Bank had been negligent in its handling of the loan and in its issuance of the cheek to Burnette and Skinner and that Union Bank’s negligence had substantially contributed to the forgery as a matter of law. The trial court also noted that any damage or loss Union Bank suffered was proximately caused by its own negligence in handling the loan and issuing the check. The trial court further held that Union Bank had been negligent in not timely discovering the forgery and that Union Bank had failed to act in a commercially reasonable manner. Accordingly, the trial court entered a summary judgment in favor of ECNB on the counts alleging breach of duty to authenticate and breach of implied warranty as to genuineness.
With respect to the conversion count, the trial court entered a summary judgment on the ground that Ala.Code 1975, § 7-3-419(3), bars conversion actions against a depositary or collecting bank (ECNB) beyond the amount of any proceeds remaining in its hands, except in cases of bad faith. The trial court found no evidence that ECNB acted in bad faith when it accepted the check from Burnette, or that ECNB retained control over any of the proceeds from the forged check.
Union Bank appeals, arguing that the trial court erred in entering the summary judgment against it on the ground that it had negligently contributed to Burnette’s fraud. Union Bank further contends that its conduct in approving the loan and giving Burnette the check is irrelevant as to ECNB’s liability for honoring a forged check. While we do not agree that Union Bank’s conduct is necessarily irrelevant to *562 ECNB’s liability, the extent of that relevance is a question of fact.
We find that the trial court’s analysis with respect to the conversion count was correct and that the summary judgment as to that count is due to be affirmed. Although the trial court ably set out the facts and discussed the applicable law, we conclude that the ultimate issues of negligence and proximate cause in this case are issues of fact for the jury. We therefore reverse the summary judgment as to the counts alleging breach of duty to authenticate and breach of implied warranty as to genuineness.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ ”
Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant meet its burden by “substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, “[a]n issue is genuine if reasonable persons could disagree.” Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 P.R.D. 465, 481 (1982).
Ala.Code 1975, § 7-4-207, places a duty on the collecting bank (ECNB) to ensure that the indorsements on a check are not forgeries, and the collecting bank is held to warrant the genuineness of the indorsements. If the collecting bank breaches this warranty, then it is liable to the drawee bank (Union Bank) for the amount of the check. The rationale of this section is that the first bank in the collection chain, here ECNB, is in a better position to ensure that the one presenting the check has good title than are subsequent banks or the payor bank. Further, there is no duty on the drawee bank to discover an indorsement forgery in the context of payment of a check to a collecting bank. Birmingham Trust Nat’l Bank v. Central Bank & Trust Co., 49 Ala.App. 630, 275 So.2d 148 (Ala.Ciy.App.1973).
Ala.Code 1975, § 7-3-406, provides the collecting bank a defense to a claim of breach of warranty under § 7-4-207. Section 7-3-406 states:
“Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in *563 due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s or payor’s business.” [1]
In Alabama, we have construed the phrase “substantially contributes” in this section to mean that the drawer’s negligence must proximately cause the making of the alteration. J Gordan Neely Enterprises, Inc. v. American Nat’l Bank, 403 So.2d 887 (Ala.1981). Because the duty to authenticate and the warranty of genuineness arise from the same transaction and statutory provisions in this case, the same analysis applies to the claim of a breach of duty as to the claim of a breach of implied warranty.
Although the trial court discussed a number of facts that indicated negligence on the part of Union Bank, and although those facts might be found to have proximately caused the making of the forgery, these facts can not establish the defense under Ala.Code 1975, § 7-3-406, as a matter of law. We have consistently held that questions of negligence and proximate cause involve findings of fact that are within the province of the jury. Summary judgment is rarely an appropriate means for resolving these questions. See, e.g., Osmer v. Belshe Industries, Inc., 585 So.2d 791 (Ala.1991). Because there are questions of fact concerning whether Union Bank’s negligence proximately caused the forgery in question, the summary judgment for ECNB was not proper as to the claims alleging a breach of duty to authenticate and a breach of warranty.
The trial court’s holding that ECNB was entitled to a summary judgment on the ground that Union Bank had suffered no damage caused by ECNB was improper, on the same rationale. The trial court ruled that the damage or loss suffered by Union Bank was proximately caused by its own negligence, again ruling on those two issues that are appropriately resolved by the jury. Moreover, the determinations that Union Bank failed to notify ECNB within a reasonable time after learning of the forgery and that Union Bank acted in a commercially unreasonable manner also turn on evaluations of Union Bank’s alleged negligence and the extent that its negligence proximately caused the damage in this case.
With respect to whether Union Bank could prove any compensable loss under these facts, we note that the record supports the inference that the forgery in question was undertaken to fraudulently obtain the $10,900 loan proceeds. Had ECNB refused to accept Union Bank’s check with the forged indorsement, then Union Bank would not have been defrauded of the $10,900 loan proceeds. Union Bank’s loss of all or part of the loan proceeds is a compensable loss.
We affirm the summary judgment as it relates to the conversion claim, but because other questions are appropriately resolved by a jury, we reverse the summary judgment as to Union Bank’s claims that ECNB breached a duty to authenticate and breached an implied warranty of genuineness, and we remand the cause for further proceedings consistent with this opinion.
APPLICATION OVERRULED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. We note that the language in § 7-3-406 does not specifically include collecting or depositary banks. However, it appears to be generally accepted that § 3-406 of the Uniform Commercial Code (upon which § 7-3-406 is based) is available to collecting and depositary banks. See, Prudential Ins. Co. v. Marine Nat'l Exchange Bank, 315 F.Supp. 520 (E.D.Wis.1970); East Gadsden Bank v. First City Nat'l Bank of Gadsden, 50 Ala.App. 576, 281 So.2d 431 (1973); Allied Concord Financial Corp. v. Bank of America, 275 Cal.App.2d 1, 80 Cal.Rptr. 622 (1969); Gresham State Bank v. O.K. Construction Co., 231 Or. 106, 370 P.2d 726 (1962); Fidelity & Deposit Co. of Maryland v. First Nat'l Bank of Kenosha, 98 Wis.2d 474, 297 N.W.2d 46 (1980); J. White & R. Summers, Uniform Commercial Code 690 n. 2 (3d ed. 1988).