Archibald C. Wemple, J.
The above-entitled action was tried in the Schenectady County Court before the court without a jury on January 3, 1963. It was stipulated that the officer’s check in question was dated April 23, 1957, in the original amount of $1,500; that it was issued April 23,1957, and that it was cashed by the Citizens Trust Company on April 24,1957. The check on its face was payable to “ August and Ann Tedeseo On the back of the instrument in handwriting appear the names “ Add Tedeseo” and “August Tedeseo”. Also on the reverse side the check bore a rubber stamp “ Pay to the order of any bank, banker or Trust Co., prior endorsements guaranteed,” the date of April 24, 1957, and a rubber-stamp signature of defendant bank. Based on the above facts, the plaintiff, which is the maker and the drawee bank, sues to recover from the defendant Citizens Trust Company, as an indorsee and the collecting bank, and from the defendant Ann Tedeseo, as one of the payees and an alleged indorser, the sum of $1,005.79. The disparity in the face amount of the check and the sum in suit will be clarified later on in this decision.
On the trial Ann Tedeseo testified that she did not sign the check as an indorser and knew nothing of the transaction out of which the check arose until sometime following her husband’s death in 1958. Her testimony that the indorsement was not her signature and that the signing of her name was made without her authority was not contradicted.
Defendant Citizens Trust Company contended on the trial that the underlying note or loan from which the check transaction emanated was itself predicated upon a forgery and that the two transactions were interrelated. While this contention may well have been true, and in fact it may even be true that the deceased August Tedeseo did sign without authority the name of Ann Tedeseo to the note, it does not follow that this relieves the defendant Citizens Trust Company of its liability on its contract of indorsement. Indeed, an indorsement is a contract superimposed upon the check which is itself a contract. The indorsement contract itself creates certain statutory liabilities between the indorser and other parties in interest,
*224 Section 350-c of the Negotiable Instruments Law provides that an indorsement “ Pay any bank or banker ” shall be deemed a restrictive indorsement. This same section also goes on to provide that it is a “ guaranty by the indorser to all subsequent holders and to the drawee or payor of the genuineness of and the authority to make prior indorsements and also to save the drawee * * * harmless in the event any prior indorsement appearing thereon is defective or irregular in any respect unless such indorsement is coupled with appropriate words disclaiming such liability as guarantor.” (Italics added.)
Section 42 of the Negotiable Instruments Law throws further light upon the subject matter herein by providing that “ where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative * * * unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.” (Italics added.)
Prom the above facts and the above citations of appropriate sections of the Negotiable Instruments Law it is clear that the title of the defendant Citizens Trust Company was derived through a forged or unauthorized indorsement. Defendant relies upon this defective title. The defendant’s liability stems from its breach of guarantee. It further appears that there is no persuasive' evidence of defendant bank’s claim of plaintiff’s alleged negligence which warrants preclusion.
Indeed, the Citizens Trust Company as an indorser in so many words guaranteed all prior indorsements. By negotiating the check for collection, this contractual liability was established. The uncontradicted proof is that Ann Tedeseo neither indorsed the check personally nor through an agent with authority.
Next, we come to the question of damage. The plaintiff herein in its complaint asks for reimbursement “ for the unpaid balance amounting to $1,005.79 * * * on the underlying loan”. The proof likewise relates to this loan and to a judgment in the amount of $1,339.05 taken against the plaintiff bank by the United States Covernment because of the nonpayment of the loan. It is interesting to note that because of the alleged forgery of the name of Mrs. Ann Tedeseo on the loan note, she was released of any liability in said action by the United States Covernment.
It is obvious that the lawsuit between the parties herein involved the note upon which there was consequent judgment liability thereon imposed upon the plaintiff. It also was concerned with the collection of and the payment on the check which arose out of the note. The two transactions were so interrelated *225 and so intermixed in the pleadings and proof herein that this court now finds itself in a state of some perplexity. The proof clearly shows damage arising out of the unpaid note but the plaintiff merely proved that the defendant cashed the check for August Tedesco and processed it through its (defendant’s) note department.
The check itself has a perforation “ Paid 4-25-57 50-88 ”. No proof was offered to show who paid the check or whether it was cleared through the local clearing house; nor was there proof of the meaning of the perforation marking. At best, we have proof of liability arising out of the breach of the indorsement guarantee but the proof of damage is nebulous. Can it be said that damage arising out of the note is ipso facto reflected to the check? It is fundamental in the law of damages that damages must be proved, and will not be presumed, even though a wrong, such as a breach of contract, is shown. In this case there is a “ missing link ” in the plaintiff’s proof of direct damage emanating from defendant’s breach of its indorsement contract. To fill this gap the court must rely on the presumption of payment of the check by plaintiff with damage to defendant of $1,005.79 consequent to its reliance upon defendant’s guaranteed indorsement.
No other conclusion can be reasonably deduced from the facts of the case and the logical inferences flowing therefrom.
Motion for directed verdict in favor of plaintiff Mohawk National Bank in the sum of $1,005.79 is granted. Interest from April 25,1957 is also awarded.
Motion for directed verdict in favor of defendant, Ann Tedesco, is also granted.