CENTRAL CADILLAC, INC., Plaintiff,

v.

STERN HASKELL, INC., Defendant &
Third-Party Plaintiff,

v.

The COMMUNITY BANK a/k/a Marine
Midland Bank-New York et al.,
Third-Party Defendants.

Civ. No. 71 5387.

United States District Court,
S. D. New York.

Nov. 13, 1972.

Jack H. Dorfman, Murray Schwartz, New York City, for Stern-Haskell, Inc.

Francis X. Becker, Berg, Becker, Moinester & Dillon, Lynbrook, N. Y., for Community Bank a/k/a Marine Midland Bank-New York.

Stolz, Goldfine & Stolz, New York City, for Morgan Guaranty Trust Co. of New York & Royal National Bank of New York.

Robert B. Budelman, Jr., Bigham, Englar, Jones & Houston, New York City, for Chemical Bank New York Trust Co.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

The third-party defendants, Chemical Bank New York Trust Co. (Chemical), Morgan Guaranty Trust Co. of New York (Morgan), and Royal National Bank of New York (Royal), move to dismiss the third-party complaint against them on the ground that the third-party complaint fails to state a claim upon which relief can be granted.[1] Fed.R.Civ.P. 12 (b)(6). The defendant and third-party plaintiff, Stern-Haskell, Inc., sets forth its claims against the movants in paras. 27 through 47 of its third-party complaint. The motions to dismiss are granted for the reasons stated below.

For purposes of this decision only, this court will accept the statement of facts submitted by counsel for Stern-Haskell, Inc., in its brief in opposition to the instant motion, as follows:

## FACTS

Stern-Haskell is a wholesale distributor of used cars. It purchases used automobiles from leasing companies and from new car dealers who take old cars in as trade-ins. This practice facilitates the expeditious disposition of used cars, as the wholesale distributor transports the cars it purchases to its garage where used car dealers, from all over the country, go to Jerome Avenue, in the Bronx, the hub of this market, to purchase their vehicles in an "as is" condition. The turnover is rapid (24–48 hours in most instances), at a marginal profit.

The practice in the trade entails negotiating the price; the issuance and delivery of a check, on-the-spot, in exchange for the documents of title, and the transportation of the vehicle from the premises of the Seller to the wholesaler, within hours.

Cadillac [Central Cadillac, Inc.] is a new car dealer from whom Stern-Haskell purchased some 42 vehicles during the period January 30, 1970 to July 16, 1970, at a cost of approximately $121,425.00, for which it issued its checks, on the spot, and concerning

---

1. This action was transferred from the United States District Court, District of New Jersey by order dated November 17, 1971. The motion of Chemical Bank was filed on March 16, 1971. The motions of Morgan and Royal were submitted in this Court after the transfer of the action here. Each of these third-party defendants also move to quash the third-party summons and to dismiss the cross-claim by third-party defendant, The Com- munity Bank. However, since Chemical, Morgan, and Royal in their affidavits express willingness to treat The Community Bank's cross-complaint as a fourth-party complaint, the motion to quash the third-party summons is moot, for, in any event, Chemical, Morgan, and Royal would be parties to this action and subject to the adjudication of existing related claims by Stern-Haskell against them.

which its bank account, maintained with the Community Bank ("Community") [n/k/a Marine Midland Bank-New York] was charged in a like amount.

It appears that the checks, made payable to "Central Cadillac" and "Central Cad", in varying amounts, were negotiated through various banks (the third-party defendants herein) with *forged endorsements.*

Cadillac claiming it never received payment for its cars sued Stern-Haskell to recover $121,425.00. Stern-Haskell thereupon impleaded not only Community where it maintained its account and upon which bank the checks were drawn, but all of the collecting banks, which include Chemical, Morgan and Royal, the movants herein.

All of the checks, nineteen (19) of which involve Chemical and three (3) of which involve Morgan and Royal, bear on the reverse side thereof, the legend:

> "This check is issued solely for the purpose of buying used cars on behalf of Stern Haskell, Inc. and for no other reason.

By endorsement this check when paid is accepted in full payment of the cars listed below and seller guarantees cars to be free and clear of all liens & encumbrances.

Title guaranteed for

Deposit only

Year——Make—— Ser. No.——
Year——Make—— Ser. No.——"

The third-party claims of Stern-Haskell against the movants are identical and propound two theories of liability. The first claim, corresponding to paragraphs 28–29, 35–36, and 42–43 of the third-party complaint, alleges that Chemical, Morgan, and Royal breached the

warranties of title which they allegedly gave to Stern-Haskell, pursuant to Section 4–207 of the Uniform Commercial Code (U.C.C.), by obtaining payments from the payor bank on the checks which bore forged endorsements of the payee, Central Cadillac.

The second claim in the third-party complaint against the three banks (at paras. 31–32, 38–39, and 45–46) sounds in conversion. The claim is that by acting as collecting banks with respect to the checks which bore forged endorsements, these third-party defendants converted the proceeds of the checks to their own use.

■ In evaluating the two claims for purposes of the instant Rule 12(b) motion, there is no question but that the substantive law of New York State is to be applied.[2] The applicable statutory provisions are contained in Articles 3 and 4 of the U.C.C. Under these articles, it is clear that Stern-Haskell was the "drawer" of the checks at issue, the moving third-party defendants were "collecting banks," and Marine Midland (formerly The Community Bank), also joined as third-party defendant in this action, was the "payor bank" and the "drawee." U.C.C. § 4–105.

■ Thus, as to its first claim, Stern-Haskell clearly cannot invoke U.C.C. § 4–207 against the moving third-party defendants. The warranties which are assumed by a collecting bank under that section operate only in favor of "the payor bank or other payor" or "his transferee and . . . any subsequent collecting bank." U.C.C. § 4–207(1) and (2). In its third-party complaint, Stern-Haskell characterizes itself "as payor" of the checks. Paragraphs 28, 35, and 42. This allegation is erroneous, since the checks were drawn on Marine Midland, which was the payor bank. See U.C.C. § 4–105(b).

2. The drawer, the drawee and the collecting banks are all New York corporations and the acts complained of all occurred in New York. The jurisdictional basis of the original complaint is the diversity of citizenship between Central Cadillac, the plaintiff, and Stern-Haskell, the defendant, and the requisite jurisdictional amount.

In its brief in opposition to the present motion, Stern-Haskell appears to abandon its apparent earlier reliance on sub-section (1) of § 4–207 and contends instead that sub-section (2) of that section supports its claim. However, Stern-Haskell cannot benefit from that sub-section, since it is neither the "transferee" nor a "subsequent collecting bank" vis-a-vis Chemical, Morgan or Royal. The case cited by Stern-Haskell on this question, Mohawk National Bank v. Citizens Trust Co.[3], is not relevant because the plaintiff in that action was the payor-drawee as well as the drawer of the check which bore the forged indorsement. Thus, the breach of warranty claim against the three third-party defendants does not state a cause of action and must be dismissed.

Likewise, Stern-Haskell's claim in conversion is not supported by New York law. The common law rule in New York denies any right of "action . . . by [a] drawer against [a] collecting bank for conversion of moneys or proceeds of checks bearing forged indorsements." Trojan Publishing Corp. v. Manufacturers Trust Co., 298 N.Y. 771, 83 N.E.2d 465 (1948) aff'g, 273 App. Div. 843, 76 N.Y.S.2d 845.[4] Articles 3 and 4 of the U.C.C. apparently leave this rule undisturbed. See Stone & Webster Engineering Corporation v. First National Bank & Trust Company of Greenfield, 345 Mass. 1, 184 N.E.2d 358, 362–363; cf. Low v. Merchants National Bank & Trust Company of Syracuse, 24 A.D.2d 322, 266 N.Y.S.2d 74, 76 (1966). Therefore, the motion of the third-party defendants to dismiss the second claim against each of them is granted.

The dismissal of the third-party complaint against each of the moving third-party defendants puts in issue the status of the cross-complaints filed against these third-party defendants by Marine Midland, another third-party defendant in this action. Marine Midland requests in its affidavit in answer to the present motions that its cross-complaints against Chemical, Morgan, and Royal be considered fourth-party complaints against these banks In order to expedite this litigation and to avoid the unnecessary and repetitive filing of a fourth-party complaint by Marine Midland against these three banks, the court grants the motion.[5]

It is therefore Ordered that:

1. The third-party complaints of Stern-Haskell against Chemical Bank New York Trust Co., Morgan Guaranty Trust Co. of New York and Royal National Bank of New York are dismissed for failure to state a cause of action.

2. The cross-complaints of Marine Midland against Chemical, Morgan, and Royal are deemed to be fourth-party complaints against these banks.

So ordered.

---

3. 38 Misc.2d 222, 237 N.Y.S.2d 956 (Schenectady County Court 1963).

4. Wagner Trading Company v. Battery Park National Bank, 228 N.Y. 37, 126 N.E. 347 (1920) and Belmar Trucking Corp. v. American Trust Co., 65 Misc.2d 31, 316 N.Y.S.2d 247 (N.Y.C. Civil Court 1970), relied on by Stern-Haskell, are not on point since they each involved a suit by a payee, not a drawer, against a collecting bank.

5. See note 1 supra. The Community Bank also moves this court to designate its cross-complaints against other third-party defendants as fourth-party complaints in a similar manner. However, since the third-party complaints of Stern-Haskell against these other third-party defendants have not been dismissed and since they were not served with this motion by The Community Bank, the court refrains from considering this additional request.