THE FIRST NATIONAL BANK OF BLOOMINGDALE, A
NATIONAL BANKING ASSOCIATION, PLAINTIFF, v.
THE NORTH JERSEY TRUST COMPANY, RIDGEWOOD,
NEW JERSEY, A CORPORATION, DEFENDANT.

Decided July 8, 1940.

For the motion, *Evans, Smith & Evans.*

Opposed, *J. Chester Massinger.*

LEYDEN, S. C. C.   The defendant moves to strike the
several counts of the complaint upon the ground that each
is insufficient in law.   This motion was denied on May 13th,
1940, upon the erroneous assumption that it was a general
motion addressed to the complaint as a whole.   *Malone* v.
*Brotherhood, &c.,* 94 *N. J. L.* 347; *Van Schoick* v. *Van*

*Schoick,* 76 *Id.* 242. A re-argument was permitted on June 28th, 1940. Counts 1 and 3 are allegedly based upon the theory of the defendant's breach of its guaranty of prior endorsements. Count 2 is upon the theory of conversion. Count 4 is a repetition of counts 1 and 3 with the assertion of the plaintiff's right to bring the present action against the defendant to avoid a circuity of action. Count 5 is based upon the theory that the defendant received money for the use of the plaintiff. Count 6 alleges a duty owing by the defendant to the plaintiff to make inquiry to determine whether the purported endorsements of the payees were genuine and the failure or neglect of the defendant to do so constituted a breach of duty whereby the defendant became liable to the plaintiff. The seventh count is on the common law action of general *assumpsit.*

A reading of the allegations of the complaint discloses the following: The plaintiff, The First National Bank of Bloomingdale, having agreed to lend Richard Albers and Lillian Albers the sum of $5,900 upon a bond and mortgage executed by them, drew its check dated October 16th, 1939, to the order of Richard Albers, Lillian Albers and Mortgage Service Bureau, for that amount upon the Manufacturers Trust Company, a banking institution having its place of business in the city of New York.

On the same day the Mortgage Service Bureau, without authority from or knowledge of the Albers, caused the check to be endorsed with their names as well as its own, with the further endorsement: "For deposit, Mortgage Service Bureau, Inc.," and delivered the item to the defendant, The North Jersey Trust Company, for collection.

The defendant endorsed the check: "Pay to the order of any bank, banker or trust co. October 16th, 1939, all prior endorsements guaranteed, The North Jersey Trust Company, Ridgewood, N. J. David E. Roman, Sec'y," and transmitted it to its correspondent, the National City Bank of New York, which collected the face amount of the check from the drawee thereof, the Manufacturers Trust Company, and transmitted the said sum to the defendant bank, charging the amount thereof to the account of the plaintiff.

Upon the return of the item the plaintiff drawer discovered the forged Albers endorsements, carried out its commitment to make the original loan by paying the Albers a further sum of $5,900 and now seeks to recover the proceeds of the first check from the collecting bank, the defendant, The North Jersey Trust Company.

As already indicated, counts 1 and 3 sound on the guaranty arising out of the endorsement by the defendant "Pay to the order of any bank, banker or trust co. October 16th, 1939, all prior endorsements guaranteed." These counts are insufficient in law and will be stricken.

New Jersey adopted the Uniform Bank Collection Code in the year 1929; *Pamph. L.* 1929, *ch.* 270; *N. J. S. A.* 7:6-1. The purpose of the act, gathered from its provisions, is to make the law relating to bank collections uniform and to substitute its provisions for the rules of law and equity including the law merchant and the rules relating to trusts, agency, negotiable instruments and banking as to all transactions provided for therein. *N. J. S. A.* 7:6-2.3. By its terms the endorsement of an item by a payee or other depositor, "for deposit" is a restrictive endorsement and indicates that the endorsee bank is the agent for collection and not the owner of the item.

The endorsement "pay to the order of any bank, banker or trust co. all prior endorsements guaranteed," is an express guaranty by the endorser to all subsequent holders and to the drawee or payor of the genuineness of and the authority to make prior endorsements, and to save the drawee or payor harmless in the event that a prior endorsement is defective or irregular in any respect. It is apparent then that no cause of action arose in favor of this plaintiff as drawer against the collecting defendant bank on said endorsement.

Although there is some contrariety of opinion among the states on this point, New York seems to hold the view above expressed, not citing the Uniform Bank Collection Code, however. See *Hartford Accident Indemnity Co.* v. *First National Bank and Trust Company of Hudson,* 281 *N. Y.* 162. The industry of counsel has not disclosed any New Jersey case dispositive of the question. It may be said with-

out fear of successful contradiction that the State of New York is the center of finance and banking in the United States, and its Court of Appeals is a respectable authority which may be safely followed on this question.

The second count in conversion is bad. There is no allegation that the property and right to immediate possession of the check was in the plaintiff.

The essential elements of the common law action in conversion are: (a) that the property and right to immediate possession thereof belong to the plaintiff; and (b) the wrongful act of interference with that right by the defendant. 1 *Chit. Pl.* (*7th ed.*) 166 *et seq.; Woodside* v. *Adams,* 40 *N.·J. L.* 417; *Frome* v. *Dennis,* 45 *Id.* 515. The endorsement "for deposit" is restrictive and makes the endorsee bank agent for collection, not owner of the item. Uniform Bank Collection Code, section 8, *N. J. S. A.* 7:6-8; Negotiable Instruments law, section 36, *N. J. S. A.* 7:2-36; *Hoffman* v. *First National Bank of Jersey City,* 46 *N. J. L.* 604. To pass title, the authorized endorsement of all payees, not partners, was necessary. Negotiable Instruments law, section 41, *N. J. S. A.* 7:2-41. The property right, the beneficial ownership in the check was in the payees, the Albers. Their title could be divested only by their proper endorsement or by an endorsement under their authorization. *Singer Sewing Machine Co.* v. *Citizens National Bank and Trust Co.,* 111 *N. J. L.* 199; 168 *Atl. Rep.* 32; *affirmed,* 112 *N. J. L.* 497; 171 *Atl. Rep.* 796; *Passaic Bergen Lumber Co.* v. *U. S. Trust Co.,* 110 *N. J. L.* 315; 164 *Atl. Rep.* 580; *Teas* v. *Third National Bank and Trust Co.,* 125 *N. J. Eq.* 224; 4 *Atl. Rep.* (*2d*) 64. That the Albers would have a right of action in conversion against the defendant as the collecting bank (*Passaic Bergen Lumber Co.* v. *U. S. Trust Co., supra; Teas* v. *Third National Bank and Trust Co., supra*) is not disputed. Such is not the situation here. The plaintiff is the drawer of the check, not the payee.

The fourth count is a reiteration of the third with the added allegation that the paying bank, the Manufacturers Trust Company, is indebted to the plaintiff; that the defendant is indebted to the National City Bank which in turn is

indebted to the Manufacturers Trust Company and therefore to avoid a circuity of action the plaintiff has just cause to take a short cut, so to speak, and bring the action directly against the defendant.

This count is subject to the same infirmity as counts 1 and 3. Circuity of action in so far as this plaintiff is concerned is not apparent. It would seem that the plaintiff has a cause of action against the Manufacturers Trust Company, the paying bank, for disbursing its funds on a forged endorsement. There is nothing circuitous about that. It is direct and to the point. This count will be stricken as insufficient in law.

The fifth count is likewise subject to the same objections as counts 1 and 3, being based on the guaranty of the genuineness of the prior endorsements. The added allegation is that this defendant received the sum of $5,900 for the use of the plaintiff. As already has been pointed out, the defendant received the money for the use of the payees, the Albers, as is disclosed by the complaint. No right of action in the plaintiff arose by reason of the defendant's guaranty of prior endorsements.

The sixth count reiterates the allegations of the first count and seeks recovery on an alleged breach of duty owing by the defendant to the plaintiff. What this alleged duty was, does not clearly appear in the complaint. True, the defendant as the collecting bank owed a duty to the payees to exercise ordinary care in the collection of the item. Uniform Bank Collection Code, *N. J. S. A.* 7:6-9. There is no allegation of facts which give rise to a duty owing by the defendant to this plaintiff, and there is nothing to indicate that the defendant allowed the forged endorsement to slip by because of its failure to exercise ordinary care. This count is insufficient and will be stricken.

The seventh count is in general *assumpsit.* The common law basis for such a cause is the relation of debtor and creditor. The existence of a debt due from the defendant to the plaintiff is essential to the action. Obviously a reading of the complaint demonstrates that the real cause of action is neither for a debt for the value of goods sold and delivered by

the plaintiff to the defendant, nor for the price and value of goods bargained and sold, nor for the price and value of work done and materials furnished; nor for a sum of money for moneys lent; nor for moneys received by the defendant for the use of the plaintiff; nor for moneys paid by the plaintiff for the use of the defendant at its request; nor for interest due; nor for an account stated between them as alleged in the complaint.

The money counts give some pause, but the way seems clear when the status of the plaintiff as drawer of the item is kept in mind. However, it may well be that there was another transaction between these litigants giving rise to the debt as alleged. This count is good. *Perdicaris* ads. *The Trenton City Bridge Co.*, 29 *N. J. L.* 367.

The motion to strike counts 1, 2, 3, 4, 5 and 6 of the complaint on the ground that each is insufficient in law will be granted. The motion to strike count 7 will be denied, with costs.