141 N.J. Super. 539 (1976)
358 A.2d 859
LIFE INSURANCE COMPANY OF VIRGINIA, PLAINTIFF,
v.
ROBERT H. SNYDER AND BROADWAY BANK & TRUST COMPANY, DEFENDANTS.
Superior Court of New Jersey, District Court  Passaic County.
April 30, 1976.
*540 Mr. Henry J. Catenacci for plaintiff (Messrs. Podvey & Sachs, attorneys).
Mr. H. George Avery for defendant (Messrs. Cole, Geaney & Yamner, attorneys).
ALTERMAN, P.J.D.C.
This motion for summary judgment presents the issue of whether the drawer of a check *541 can maintain an action against a collecting bank. The material facts are not in dispute.
On November 15, 1973 plaintiff issued a check drawn on United Virginia Bank/State Planters (United Virginia), payable to the order of Rudolph J. Caprario Jr. in the amount of $2,566.67. That check was stolen and Caprario's endorsement was forged by defendant Robert H. Snyder. Snyder presented the check to Broadway Bank, which paid over the full face amount to Snyder.
Broadway Bank endorsed the item: "Pay any Bank P.E.G.,[1] Broadway Bank & Trust Co., Paterson, N.J." and placed it into the collection process. As a result Broadway Bank received settlement for the item and United Virginia charged plaintiff's account.
On these facts plaintiff advances two bases of liability: Code-imposed warranties and conversion. Before examining these theories, it is appropriate to state, parenthetically, that New Jersey law applies. N.J.S.A. 12A:4-102(2).

I
Plaintiff contends that it is the beneficiary of the warranties contained in N.J.S.A. 12A:4-207(1) and (2). The specific warranties enumerated in these subsections are not germane. It is sufficient to know that the introductory clauses to each of these subsections mandate, respectively:
(1) Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that * * *
* * * * * * * *
(2) Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants *542 to his transferee and to any subsequent collecting bank who takes the item in good faith that * * *
* * * * * * * *
Thus, the warranties imposed on a collecting bank[2] run to the "payor bank[3] or other payor," N.J.S.A. 12A:4-207(1), and to that bank's "transferee and to any subsequent collecting bank," N.J.S.A. 12A:4-207(2). Plaintiff is none of these. United Virginia, on which the item was drawn, is the "payor bank." And plaintiff is not Broadway Bank's "transferee" or a "subsequent collecting bank." No warranty is created in plaintiff's favor by this section of Code Accord, Central Cadillac, Inc. v. Stern Haskell, Inc., 356 F. Supp. 1280 (S.D.N.Y. 1972).
The one pre-Code case in this State considering the issue is in agreement. In First Nat'l Bank v. North Jersey Trust Co., 18 N.J. Misc. 449, 14 A.2d 765 (Sup. Ct. 1940), plaintiff bank agreed to lend two borrowers $5900 on a bond and mortgage. The bank drew its check on Manufacturers Trust Company payable to the borrowers and Mortgage Service Bureau. Mortgage Service Bureau endorsed its own name, forged the name of the other payees, and collected the face amount of the check from defendant, a collecting bank. Defendant endorsed the check: "Pay to the order of any bank, banker or trust Co. * * * All prior endorsements guaranteed," and transmitted the check to its correspondent bank, which collected the face amount from the drawee and then transmitted the amount to defendant. Upon return of the check plaintiff discovered the forgery. Nevertheless, it honored its commitment to the borrowers by making the loan of $5900 and then brought suit against the collecting bank.
*543 In ruling on defendant's motion to strike the several counts of the complaint the court stated that the endorsement was an express guarantee by defendant to all subsequent holders and to the drawee or payee, but that the guarantee did not inure to the benefit of plaintiff drawer. Id. at 451.
This view is not unanimously accepted and the authorities disclose divergent opinions in cases prior to the adoption of the Uniform Commercial Code by the several states, see, e.g., 49 A.L.R.2d 644-646, and now. The opposing attitude is expressed in Allied Concord F. Corp. v. Bank of Amer. Nat. T. & S. Ass'n., 275 Cal. App.2d 1, 80 Cal. Rptr. 622 (D. Ct. App. 1969), where the court stated:
On third-party beneficiary principles we think the benefit of warranties given by a bank which negotiates a check on a forged endorsement extends by implication to the drawer of a check. (Comm. Code, §§ 4207, 3603(2). By allowing direct suit we reduce circuity of action and make litigation easier between parties located in different jurisdictions. [at 624]
This language was adopted by the court in Prudential Ins. Co. of Amer. v. Marine National Exch. Bank, 315 F. Supp. 520 (D.C. Wis. 1970).
While the avoidance of circuity of action is a desirable goal, there are two responses to the premise. The short answer is that there is no circuity when the drawer sues the drawee for paying on a forged endorsement. First Nat'l Bank v. North Jersey Trust Co., supra, 18 N.J. Misc. at 453. The second answer is found in the provisions of the Code itself.
N.J.S.A. 12A:4-401(1) authorizes a bank to charge its customer's account with any item properly payable against that account. Under N.J.S.A. 12A:4-406 a customer is required to act reasonably in discovering his unauthorized signature and alterations on an item and to notify the bank promptly. It is implicit in both of these sections that the bank may not charge the customer for any item not properly *544 payable against his account. New Jersey Study Comment, N.J.S.A. 12A:4-401. But the bank also has defenses. So, if a customer by his own negligence substantially contributes to a material alteration of an instrument or to the making of an unauthorized signature, or fails to report unauthorized signatures or alterations, he may be precluded from any recovery against the bank. N.J.S.A. 12A:3-406 and 12A:4-406. The customer may not assert an unauthorized endorsement against a bank after three years. N.J.S.A. 12A:4-406(4).
If the bank fails to assert a valid defense against its customer, the bank may not assert against the collecting bank or any other prior party presenting or transferring the check a claim which is based on a forged endorsement. N.J.S.A. 12A:4-406(5). If the bank recredits the drawer's account and is not precluded from raising defenses under N.J.S.A. 12A:4-406(5), it may claim against the presenting bank on the relevant warranties in N.J.S.A. 12A:3-417 and N.J.S.A. 12A:4-207, and each transferee has rights against his transferor under those sections. If the drawer's rights are limited to requiring the bank to recredit his account, the bank will have the defenses previously noted and the collecting banks will have the defenses in N.J.S.A. 12A:4-207(4) and N.J.S.A. 12A:4-406(5). See Stone & Webster Eng. Corp. v. First National B. & T. Co., 345 Mass. 1, 184 N.E.2d 358 (Sup. Jud. Ct. 1962).
Permitting an action by a drawer against a collecting bank on the theory that circuity of action is avoided assumes too much. The theory is bottomed on the premise that the drawer will recover against his bank; that no defenses are available to the bank, and that no defenses are available to the payor bank's transferor. The premise is unsound. The orderly system of commercial practice envisioned by the Code is promoted by a plain reading of N.J.S.A. 12A:4-207. And read plainly, it extends no warranties to the drawer of a check.

*545 II
Essentially, conversion consists of the wrongful exercise of dominion and control over the property of another in a manner inconsistent with that other's rights. Mueller v. Technical Devices Corp., 8 N.J. 201, 207 (1951); Prosser, Law of Torts (3 ed. 1964), § 15 at 79. It is essential that the property converted must have belonged to the injured party. Commercial Ins. Co. of Newark v. Apgar, 111 N.J. Super. 108, 115 (App. Div. 1970).
The elements of conversion are lacking. Plaintiff does not have the right to immediate possession of the check. Rather, the beneficial ownership of the check is the payee, Caprario. His rights in the check have not been divested because he did not endorse or authorize the endorsement of that item. First Nat'l Bank v. North Jersey Trust Co., supra, 18 N.J. Misc. at 452. The Code has apparently not changed this rule. Central Cadillac, Inc. v. Stern Haskell, Inc., supra at 1283; see, Stone & Webster Eng. Corp. v. First National B. & T. Co., supra, 184 N.E.2d at 362-363.
Defendant Broadway Bank's motion for summary judgment is therefore granted. An appropriate order will be submitted.
NOTES
[1] The initials, P.E.G., mean prior endorsement guaranteed.
[2] "`Collecting bank' means any bank handling the item for collection except the payor bank." N.J.S.A. 12:4-105(d).
[3] "Payor bank" means a bank by which an item is payable as drawn or accepted. N.J.S.A. 12A:4-105(b).