**JOSEPH M. KLINE, JR. and ETHEL KLINE,**
**Plaintiffs-Appellees**

v.

**AFZAL KHAN and PREMA KHAN, Defendants-Appellants**

Civil No. 1983-32

District Court of the Virgin Islands

Div. of St. Croix

October 17, 1983

MARIA TANKENSON HODGE, St. Thomas, V.I., *for plaintiffs-appellees*

RALPH J. LEARDO, Christiansted, St. Croix, V.I., *for defendants-appellants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on appeal from the Territorial Court. The appellees, Joseph M. and Ethel Kline brought suit against the appellants, Afzal and Prema Khan, for nonpayment of rent from January 1, 1978, through August 31, 1979. A trial was held on April 16, 1982, Judge Raymond L. Finch presiding, and judgment was entered in the plaintiffs' favor for $9,000.00 plus interest, costs, and attorney's fees. Appellants now appeal claiming that the lower court erred in not admitting evidence relating to their counterclaim and by failing to give them credit for their security deposit. For the reasons set forth below, the ruling of the Territorial Court will be AFFIRMED.

## I. FACTS

On February 23, 1977, appellants ("Khans") entered into a three-year lease agreement with appellees ("Klines") for Plot No. 245 Estate Glynn, St. Croix. Under the terms of the lease rent was to be mailed to appellee Joseph M. Kline in Mississippi sufficiently in advance so as to be received on or before the first day of each month. The rent was fixed at $450.00 per month from March 1, 1977, to February 1, 1979, and $540.00 from March 1, 1979, to February 1, 1980. Upon execution of the lease, the Klines acknowledged receipt

of $1440.00 from the Khans, representing the first and last months' rent plus a security deposit of $450.00.

Payment of rent became irregular in 1977 and a dispute arose between the parties as to whether or not rent was paid. The Klines claimed that the last payment received, dated May 6, 1978, was for rent only through 1977. On the other side of the controversy, the Khans claimed they continued remittances of rent until July 1978 when Mr. Kline asked the Khans to stay on and manage the property.

Sometime in 1978, Mr. Kline was no longer able to make mortgage payments to the First Pennsylvania Bank (formerly the Virgin Islands National Bank) and the bank foreclosed on the property. The Khans eventually took leave of 245 Estate Glynn in July or August 1979.

## II. DISCUSSION

The Khans do not contend that the trial judge erred in finding

> that the more credible testimony is that there was indeed some rent paid, but that the Khans did not live up to the obligation or obligations as was called for by the lease entered into between husband and wife, Khan, and husband and wife, Kline; that for various and sundry reasons, whatever those reasons may have been, the Khans went into arrears, and that the arrearage is unjustified and not explained of record; that there is an amount due and owing from the Khans to the Klines.

(Tr. 83.)

■ This Court serves a very limited function when reviewing the actions of a Territorial Court judge. It is not within our province to attempt to judge the credibility of the witnesses. The Court of Appeals stated in Government of the Virgin Islands v. DuBoyce, 267 F.2d 512 (3d Cir. 1959):

> The trial judge heard the evidence; he had to make up his mind where the balance of credibility lay. He did so, and his conclusions, supported as they are by adequate testimony are not to be interfered with by us.

Id. See also 5 V.I.C. App. I, R.52(a); Fed. R. Civ. P. 52(a) (findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses).

After hearing the evidence, the trial judge gave the Khans credit

for the rents paid as evidenced by the exhibits,[1] including the last month's rent paid at the outset, and found a total of 20 months of rent to be in arrears.

According to the Khans, error lies not in the findings of fact (although at trial the Khans professed not to owe the Klines "one penny"). (Tr. 81) but in the trial judge's refusal to 1) admit evidence on the counterclaim, and 2) to give credit for the security deposit. The Khans allege that this amounts to prejudicial error affecting substantial rights and a new trial is in order.

Rule 61 of the Federal Rules of Civil Procedure sets forth the "harmless error" standard which this Court must apply in reviewing the record below. It states:

> No error in either the admission or exclusion of evidence and no error or defect in any ruling or order or anything done or omitted by the court . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or error, unless refusal to take such action appears to the court inconsistent with substantial justice.

Fed. R. Civ. P. 61.

The issues on review therefore are whether the lower court's refusal to admit evidence regarding the Khan's counterclaim amounted to prejudicial error, and, secondly, whether credit should have been given for the $450.00 security deposit.

A. *Counterclaim*

In their counterclaim the Khans seek damages in the amount of $170,000.00 plus costs and attorney's fees arising out of the mortgage foreclosure on the property. They claim, inter alia, that the Kline's failure to perform under the lease resulted in the loss of their business, personalty located on the property, and impairment of their reputation and credit.

Khan was not permitted to offer proof of these damages at trial. Mr. Khan testified that one day he returned to the property and was unable to enter because the First Pennsylvania Bank had placed a lock on the gate. He claimed that everything he owned was inside, but the court did not allow him to describe these personal belongings. (Tr. 52–53.)

The legal argument proffered by the Khans is that implied in the lease agreement was a covenant for quiet enjoyment which was

---

[1] The Khans claimed that most of their receipts for rent paid were lost during moving, due to a hurricane, or stolen. (Tr. 70.)

breached by Kline when the bank foreclosed and sold the leased premises.

 It is a well accepted principle that nearly all leases contain an implied covenant of quiet enjoyment, this one being no exception. See e.g., 49 Am.Jur.2d Landlord and Tenant § 330 (as a general rule use of the term "demise," "granted," or "let" implies a covenant of quiet enjoyment. But there is also authority that the landlord-tenant relationship is sufficient to imply the covenant); M. Friedman, Friedman on Leases § 29.2 (1978). But more important in this instance is the fact that Paragraph 18 of the lease agreement expressly subordinated this lease to "any and all mortgages or deeds of trust that now or may hereafter encumber the demised premises." The implied covenant of quiet enjoyment, as part of the lease, must also be subject to the mortgage. When property is leased subject to the mortgage, the mortgage has priority over the lease. 55 Am.Jur.2d Mortgages § 205. See also Grether v. Nick, 213 N.W. 304 (Wis. 1927), 55 A.L.R. 525, (1928) (any interest lessee might acquire in premises was subject to mortgage and would be terminated when title to property passed from mortgagor upon foreclosure of mortgage); 220 W. 42 Assoc. v. Ronbet Newmark Co., 385 N.Y.S.2d 304 (1st Dept. 1975), aff'd mem., 359 N.E.2d 701 (1976).

█ In any transfer of land which is subject to a mortgage, the transferee takes the land subject to the possibility that it may, at the instance of the holder of the mortgage, be applied to the satisfaction of the obligation secured by the mortgage. G. Osbourne, Mortgages § 252 (1970); 5 H. Tiffany, Real Property § 1435 (1939).

In the case at hand, the Khans should have been aware that they were taking the property subject to the mortgage. There was no promise or duty that the Klines would continue making their mortgage payments. In fact, Mr. Kline testified that it was as a result of not receiving the rental payments from the Khans that he was unable to pay his mortgage debt. (Tr. 15.)

 Because there was no breach of the covenant of quiet enjoyment it follows that the Khans' counterclaim for damages against the Klines cannot stand. More appropriate would have been an action for conversion against the First Pennsylvania Bank. Since legal title to the property passed to the mortgagee upon commencement of the foreclosure action, the bank was in lawful possession of the premises, and the Klines were released from liability. G. Osbourne, Mortgages § 125 (1970).

331

■ Conversion consists of the wrongful exercise of dominion or control over the property of another in a manner inconsistent with that other's rights. Life Ins. Co. of Va. v. Snyder, 358 A.2d 859, 862 (N.J. 1976). The statute of limitations on such a claim is 2 years, 5 V.I.C. § 31 (5)(A), and, therefore, when this action was commenced on October 27, 1981, it was already time barred.

B. *Security Deposit*

■ Appellants last contention is that when computing the judgment the trial court judge should have given credit for the $450.00 security deposit. There is no question that this money was deposited. Paragraph 3(e) of the lease agreement states: "Lessor by executing this agreement acknowledges receipt of the foregoing sums [first and last month's rent plus the security deposit]." Paragraph 26, however, provides that the purpose of this deposit was security for the faithful performance of all the terms and conditions of the lease. It states further: "In no event shall lessor be obligated to apply the deposit on rents or other charges in arrears." Clearly, it is not mandatory to mitigate the Khans' debt by applying the security deposit thereto. The trial judge, therefore, did not err in refusing to credit this $450.00 to the final judgment.

## CONCLUSION

For the reasons stated above, the decision of the Territorial Court will be AFFIRMED.

## ORDER

THIS MATTER is before the Court on appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the Judgment of the Territorial Court be and the same is hereby AFFIRMED.