221 N.J. Super. 438 (1987)
534 A.2d 1035
DIENCO, INC., PLAINTIFF,
v.
SECURITY NATIONAL BANK OF NEW JERSEY; AND THE NATIONAL STATE BANK; AND BROAD NATIONAL BANK, DEFENDANTS.
SECURITY NATIONAL BANK AND TRUST COMPANY OF NEW JERSEY, THIRD-PARTY PLAINTIFF-RESPONDENT,
v.
THE NATIONAL STATE BANK, ELIZABETH NEW JERSEY, THIRD-PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1987.
Decided December 7, 1987.
*440 Before Judges ANTELL, DEIGHAN and COHEN.
John D. North argued the cause for third-party defendant-appellant National State Bank (Mackenzie, Welt, Duane & Maher, attorneys; Felice T. Londa, on the brief).
Avram S. Eule argued the cause for third-party plaintiff-respondent Security National Bank and Trust Company of New Jersey (Scheider & Wiener, attorneys; Avram S. Eule, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
On August 31, 1984 plaintiff deposited in its account with defendant Security National Bank of New Jersey (hereinafter "Security") a $60,000 check issued to the order of plaintiff by Trans Global Airlines and drawn upon National State Bank (hereinafter "National"). At the time of deposit the following endorsement was placed on the back of the check:
For deposit Only
Account # XX-XXX-XXX-X
It also bore Security's stamp, "PAY ANY BANK" together with the legend "P.E.G," meaning "prior endorsements guaranteed."
The check was received by National September 4, 1984 and "Returned Unpaid For Endorsement" September 10, 1984. Although Security then returned the check to National with the endorsement supplied on September 12, it was again returned by National on September 14, 1984. This time it was marked "Payment Stopped." Trans Global Airlines thereupon went into bankruptcy proceedings, the check has not been paid and plaintiff sues Security and National to recover thereon.
This appeal is from an order dated February 27, 1987 directing indemnification by National in favor of Security on the latter's third-party complaint. The trial court concluded that the check had been properly endorsed on August 31 and that *441 because National had retained the item beyond the deadline prescribed by N.J.S.A. 12A:4-302 it was therefore answerable for the amount thereof.
On this appeal National argues that because plaintiff's name did not appear on the back of the check it had no way of knowing whether payment of the proceeds had actually been made to the payee and the check was therefore not properly endorsed. Noting its possible liability in conversion under Humberto Decorators, Inc. v. Plaza Nat'l Bk., 180 N.J. Super. 170, 174 (App.Div. 1981) for payment on a check which does not bear the payee's endorsement, it contends that it properly returned the check for the endorsement essential to good title.
The flaw in National's argument is that upon obtaining payment of the check, under N.J.S.A. 12A:4-207(1)(a) Security, as collecting bank, warrants to National, as payor bank, that it "has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title." Security's position as plaintiff's agent for the collection was shown by the restrictive words "For Deposit Only." First Nat. Bank, Bloomingdale v. North Jersey Trust Co., 18 N.J. Misc. 449, 451 (Sup.Ct. 1940). Moreover, Security's use of the legend "PAY ANY BANK, P.E.G." was a guaranty that it would save National harmless in the event a prior endorsement was defective "or irregular in any respect." Ibid. Finally, as to this issue, N.J.S.A. 12A:4-207(3) provides that the collecting bank's warranties arise "notwithstanding the absence of indorsement or words of guaranty or warranty in the transfer or presentment and a collecting bank remains liable for their breach despite remittance to its transferor." The check should therefore have been paid on presentation.
N.J.S.A. 12A:4-302 provides, insofar as here relevant, that "[i]n the absence of a valid defense such as breach of a presentment warranty (subsection (1) of 12A:4-207), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of a demand *442 item ... whether properly payable or not if the bank ... retains the item beyond midnight of the banking day of receipt without settling for it...."
Since no valid defense to payment of the check has been shown by National, its retention thereof beyond the foregoing deadline is a further reason why National is answerable for payment.
Affirmed.