FIRST FIDELITY BANK, N.A., New Jersey, a national banking association, and First Fidelity Bank, N.A., New Jersey, a national banking association, as Trustee for The Antoinette C. Bigel Trust, Plaintiffs,

v.

FIRST INTERSTATE BANK OF OREGON, N.A., a national banking association, and Ann Bartell, Defendants.

Civ. No. 89–479–FR.

United States District Court, D. Oregon.

July 28, 1989.

Rodney E. Lewis, Jr., Tracy J. Mabry, Ragen, Tremaine, Krieger, Schmeer & Neill, Portland, Or., for plaintiffs.

Robert E. Maloney, Jr., Charles F. Hudson, Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, Or., for defendant First Interstate Bank of Oregon, N.A.

Charles D. Bates, Parker, McCann, Bates & Borge, Portland, Or., for defendant Ann Bartell.

## OPINION

FRYE, District Judge:

The matters before the court are the following motions:

1) the motion (# 7) of defendant Ann Bartell to dismiss the complaint;

2) the motion (# 8–1) of defendant First Interstate Bank of Oregon, N.A. (First Interstate) to dismiss or for summary judgment against the complaint; and

3) the motion (# 8–2) of defendant First Interstate to strike the second count in the complaint.

## BACKGROUND

Plaintiff, First Fidelity Bank, N.A. (First Fidelity), is a national banking association with its principal place of business in the State of New Jersey. First Fidelity is suing First Interstate and Ann Bartell on its own behalf and as Trustee of the Antoinette C. Bigel Trust, a testamentary trust. Plaintiff Trustee maintained an account at plaintiff First Fidelity. Dr. Gilbert Bartell, the son of Antoinette Bigel, was the sole life beneficiary of the Trust. During Dr. Bartell's lifetime the net income was to be paid to him. The Trustee was also given discretion to invade the principal of the Trust for the benefit of Dr. Bartell. Following Dr. Bartell's death, the trust corpus is to be given to a school or institution to be named by the Trustee.

Dr. Bartell died on November 8, 1987. Prior to his death, he had notified the Trustee that, due to the increasing severity of his illness, the Trustee was authorized to deal with his wife, Ann Bartell, as Dr. Bartell's agent. The Trustee and First Fidelity allege that Ann Bartell did not notify them of Dr. Bartell's death, and that they did not discover Dr. Bartell's death for more than a year.

During the year after Dr. Bartell's death, the Trustee issued nineteen checks payable to the order of Dr. Bartell in the total amount of $53,009.71. The Trustee and First Fidelity allege that Ann Bartell received these checks, fraudulently endorsed them with Dr. Bartell's signature, and deposited them in a joint checking account which she and Dr. Bartell had opened at First Interstate. First Interstate presented the checks to First Fidelity for payment, and First Fidelity, in turn, debited the Trustee's account.

First Fidelity and the Trustee are jointly prosecuting this action against Ann Bartell and First Interstate on the theory that First Fidelity or the Trustee will bear the loss caused by the forged endorsements unless Ann Bartell or First Interstate is held liable. First Fidelity and the Trustee have not settled or resolved the potential claims and defenses between First Fidelity and the Trustee. The first count of the complaint alleges breach of the warranty of good title to the checks against First Interstate and Ann Bartell. The second count alleges breach of an express warranty of good title against First Interstate. The third count alleges conversion against First Interstate and Ann Bartell.

## ANALYSIS AND RULING

1. *Ann Bartell's Motion to Dismiss*

■ Ann Bartell moves to dismiss on the grounds that the complaint fails to make a sufficient allegation that the plaintiffs have been damaged. Ann Bartell appears to argue that the Trustee cannot sue to redress an injury to the trust property unless a residuary beneficiary has been named and has made a claim against the Trustee.

This contention is without merit. A trustee has the right to assert claims on behalf of the trust, and the beneficiaries to the trust need not be joined in the lawsuit. O.R.S. 128.009(3)(z); *Wright v. Conservative Inv. Co.*, 49 Or. 177, 89 P. 387 (1907). This principle also applies under the law of the State of New Jersey, the state where the trust was created. *Mengel Co. v. Pierson*, 99 N.J.Eq. 436, 132 A. 78 (E & A 1926).

Ann Bartell also contends that the Trustee must assert a claim against First Fidelity before bringing suit against her. She argues that until the potential claims between the Trustee and First Fidelity have been resolved, it is impossible to determine who has been damaged. First Fidelity and

the Trustee respond that the forged endorsements have caused an injury to the trust property which will be borne by either First Fidelity or the Trust unless Ann Bartell or First Interstate is held liable. First Fidelity and the Trustee argue that they are not seeking a double recovery, but that it is proper and efficient to try all claims and defenses relating to this controversy in a single action.

As discussed in the following section, the court finds that it is both proper and an efficient use of judicial resources to resolve this controversy in a single action. Therefore, the motion to dismiss of Ann Bartell is denied.

2. *First Interstate's Motion for Summary Judgment*

a) Breach of UCC Warranties:

First Interstate contends that the claims of both plaintiffs in the first count for breach of the Uniform Commercial Code (UCC) warranty of good title must fail. First Interstate argues that First Fidelity has suffered no damage because it debited the account of its customer, the Trustee, and that First Fidelity cannot assert a claim unless its liability to the Trustee is first established and First Fidelity recredits the Trust account. First Interstate contends that the Trustee's only right of action for breach of warranty is against First Fidelity, and that the Trustee has no claim for breach of warranty against First Interstate, either directly or as a third party beneficiary of the warranty to First Fidelity.

First Fidelity responds that it should be allowed to assert its claims against First Interstate because the unique facts of this case support plaintiffs' pleading of the breach of warranty claims without first settling among themselves. The Trustee contends that it may bring a breach of warranty claim against First Interstate as either a direct or third party beneficiary of the warranties. The Trustee argues that the authorities cited by First Interstate are distinguishable because they relate to a different factual context.

■ In regard to First Fidelity's claim for breach of UCC warranties, First Interstate's only argument is that it has not yet been established whether First Fidelity is liable to the Trustee. First Interstate implies that First Fidelity and the Trustee should first litigate their claims and defenses before asserting claims against First Interstate. However, First Interstate concedes that this entire controversy could be resolved in a single lawsuit if the Trustee sued First Fidelity and if First Fidelity joined First Interstate as a third party defendant.

First Interstate has not indicated how its position would be improved if it were a third party defendant rather than a defendant in the present action. It is within the court's discretion to proceed with the action in its present posture. As a practical matter, the litigation of all claims and defenses in a single action is the most efficient use of judicial resources. Therefore, First Interstate's motion for summary judgment on the first count is denied as to First Fidelity.

■ As to the Trustee's claim for breach of UCC warranties against First Interstate, no reported case under Oregon law has reached the issue of whether the drawer of a check has a claim for breach of UCC warranties against a depositary or collecting bank, either as a direct claim or as a third party beneficiary of the warranties to the payor bank.

The jurisdictions which have reached the issue have generally held that the drawer of a check is not a "payor" under UCC section 4–207 (the model for O.R.S. 74.-2070), and therefore the drawer does not have a direct cause of action for breach of warranty. *See, e.g., Central Cadillac, Inc. v. Stern Haskell, Inc.,* 356 F.Supp. 1280 (S.D.N.Y.1972); *G.F.D. Enter., Inc. v. Nye,* 37 Ohio St.3d 205, 525 N.E.2d 10 (1988); *Life Ins. Co. of Virginia v. Snyder,* 141 N.J.Super. 539, 358 A.2d 859, 19 U.C.C. Rptr. 642 (1976); *Jett v. Lewis State Bank,* 277 So.2d 37 (Fla.App.1973); *Stone & Webster Eng'g Corp. v. First Nat'l Bank & Trust Co.,* 345 Mass. 1, 184 N.E.2d 358 (1962). Most jurisdictions have also reject-

ed the theory that the drawer of a check is a third party beneficiary of the warranties made to the payor bank. *See Life Ins. Co. of Virginia v. Snyder, supra,* 358 A.2d 859, 19 U.C.C.Rptr. at 645–46.

The jurisdictions which have allowed the drawer to assert a claim for breach of warranties have applied an expansive definition of the term "payor" or "other payor" which is inconsistent with the limited definition of those terms adopted by Oregon courts. *See, e.g., Franklin v. Safeco Ins. Co.,* 303 Or. 376, 737 P.2d 1231 (1987). The court declines to adopt a minority view which applies a more expansive definition than the courts of the State of Oregon. Therefore, the court finds that the Trustee has no cause of action for breach of warranties against First Interstate, and First Interstate's motion for summary judgment on the first count is granted as to the Trustee.

**b) Breach of Express Warranty:**

■ As to the second count, First Interstate contends that the claim for breach of express warranties is superfluous since the UCC has displaced common law remedies in this area, and the second count contains no claims that are not covered by the first count under the UCC. First Fidelity and the Trustee respond that First Interstate's use of a "P.E.G." (prior endorsements guaranteed) stamp creates an express warranty in addition to the warranties provided under the UCC.

The UCC provisions governing warranties incorporate and replace all express and implied warranties formerly available under the common law. *Chilson v. Capital Bank of Miami,* 701 P.2d 903, 908 (Kan. 1985). UCC section 4–207 (O.R.S. 74.2070) is designed to provide statutory warranties which were formerly available when collecting banks used the P.E.G. stamp. *Id.* Therefore, a bank's continuing use of the P.E.G. stamp gives rise to no warranty claims other than those available under the UCC.

Accordingly, as a matter of law, no relief is available under the second count for breach of express warranties which would be additional to the relief available under the first count for breach of UCC warranties. First Interstate's motion for summary judgment is granted as to the second count.

**c) Conversion:**

■ With regard to the third count for conversion under O.R.S. 73.4190(1)(c), First Interstate contends that it is merely a collecting depository bank and not a payor on the checks in question, so that it may not be held liable for conversion to either First Fidelity or the Trustee. First Interstate emphasizes that it did not "pay" the checks, but gave only a provisional credit until the checks were paid by First Fidelity. In *Franklin v. Safeco Ins. Co.,* 303 Or. at 387–88, 737 P.2d 1231, the Oregon Supreme Court held that a bank which granted provisional credit on drafts issued by an insurance company did not "pay" the drafts within the terms of O.R.S. 73.4190.

First Fidelity and the Trustee respond that the facts in this case are distinguishable from the facts in *Franklin* because in this case endorsements were forged on checks, and in *Franklin,* endorsements were forged on drafts. First Fidelity and the Trustee rely on a decision of the Florida Court of Appeal which recognizes such a distinction. *Larkin Gen. Hosp., Ltd. v. Bank of Florida,* 40 U.C.C. 985, 464 So.2d 635 (Fla.App.1985).

This court does not find the *Larkin* decision persuasive. The *Franklin* decision does not suggest the basis for a distinction between a bank which grants provisional credit on a draft to be paid by some other party and a bank which grants provisional credit on a check to be paid by some other bank. This court recently rejected arguments very similar to those advanced by First Fidelity and the Trustee. *See Buchanan v. Helfrich,* Civil No. 88–439–FR, 1989 WL 4078 (January 13, 1989, Judge Frye). This court will follow the rule set out in *Buchanan,* that a bank which gives provisional credit on a check or draft does not pay or convert the instrument within the terms of O.R.S. 73.4190(1)(c).

First Interstate has submitted undisputed evidence that it granted only provisional credit on the checks deposited by Ann Bartell. (Affidavit of Debbie Wilkinson, p. 2). Therefore, the court finds that there are no genuine issues of material fact as to the third count for conversion against First Interstate. First Interstate's motion for summary judgment is granted as to the third count.[1]

### 3. *First Interstate's Motion to Strike*

First Interstate moves to strike the second count of the complaint for breach of an express warranty on the grounds that it is superfluous and irrelevant. As discussed above, the court has granted First Interstate's motion for summary judgment against the second count. Therefore, First Interstate's motion to strike the second count is deemed moot.

### CONCLUSION

Ann Bartell's motion (# 7) to dismiss is denied. First Interstate's motion (# 8–1) for summary judgment is granted as to the second count for breach of express warranty and the third count for conversion. As to the first count for breach of UCC warranties, the motion is granted as to the Trustee and denied as to First Fidelity. First Interstate's motion (# 8–2) to strike the second count is deemed moot.

### ORDER

IT IS HEREBY ORDERED that:

1) defendant Ann Bartell's motion (# 7) to dismiss is DENIED;

2) defendant First Interstate Bank of Oregon, N.A.'s (First Interstate's) motion (# 8–1) for summary judgment is GRANTED as to the second count for breach of express warranty and the third count for conversion; and as to the first count for breach of Uniform Commercial Code warranties, the motion is GRANTED as to plaintiff First Fidelity Bank, N.A. as Trustee for The Antoinette C. Bigel Trust and DENIED as to plaintiff First Fidelity Bank, N.A.; and

3) defendant First Interstate's motion (# 8–2) to strike the second count is deemed moot.

---

**1.** This ruling does not affect the claim for conversion against Ann Bartell.