[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 22, 1996, the plaintiffs, Stamford Athletic Club, Inc. (Stamford Athletic) and the Continental Insurance Company, as Stamford Athletic's subrogee, filed a seven-count second amended complaint against the defendants, Union Trust Company, Ellen Ciaccio, the Bank of Darien and Shanda Attle. The plaintiff, Stamford Athletic, alleges that the defendants participated in or facilitated a check fraud scheme. Union Trust Company was the drawee bank, at which the plaintiff had an account, and the Bank of Darien was the depositary bank, at which the checks were allegedly cashed. Defendant Ciaccio was Stamford Athletic's bookkeeper and office manager and defendant Attle was employed as a teller at the Bank of Darien. According to the plaintiff, defendant Ciaccio cashed numerous forged or altered company checks, which were payable to cash, at the Bank of Darien and then retained the proceeds. The plaintiff claims that some of these checks were cashed against the personal account of defendant Attle, an employee of the Bank of Darien. Finally, the CT Page 2112 plaintiff alleges that Union Trust Company, as the drawee bank, accepted the forged or altered checks and then charged them against the plaintiff's account.
On October 18, 1996, the Bank of Darien filed a motion to strike the second, fourth and seventh counts of Stamford Athletic's second amended complaint, which allege, respectively, conversion, common law negligence, and breach of warranty under General Statutes § 42a-4-207. In support of this motion, the Bank of Darien filed a memorandum of law. The plaintiff filed an opposing memorandum at Short Calendar on November 25, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc v. BOC Group Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
In the second count, the plaintiff alleges that the defendants' conduct constituted a conversion of Stamford Athletic's property. The Bank of Darien argues that the second count is legally insufficient because General Statutes §42a-3-420 precludes the issuer or drawer of an instrument from bringing an action based on conversion against a depositary bank, such as the Bank of Darien. According to the Bank of Darien, Stamford Athletic has an adequate remedy against Union Trust Company, the drawee bank, for any unauthorized payments that may have been made. In its opposing memorandum, Stamford Athletic contends that § 42a-3-420 does not expressly preclude common law claims for conversion, and, therefore, that the motion to strike the second count should be denied.
General Statutes § 42a-3-420 (a) provides in pertinent part: "The law applicable to conversion of personal property applies to instruments. . . . An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument. . . ." The official comment to § 3-420 of the Uniform Commercial Code explains that the drawer of a check with a forged indorsement cannot bring an action in conversion against a depositary bank that accepted the check. This is because "[t]he CT Page 2113 check represents an obligation of the drawer rather than the property of the drawer. The drawer has an adequate remedy against the payor bank for recredit of the drawer's account for unauthorized payment of the check." 19 Connecticut General Statutes Annotated § 42a-3-420, comment 1 (West 1990 Supp. 1996). "[T]he Revisions make it clear that drawers may not bring suit directly against depository banks under the two causes of action applicable to such banks: conversion (§ 3-420 Comment 1) and the warranties of presentment (§ 3-417, Comment 2 and § 4-208)." T. Fisher, "Check Fraud Litigation in Connecticut After the 1990 Revisions to the U.C.C.," 68 Conn. B.J. 393, 398 (1994).
Pursuant to § 42a-3-420, the Stamford Athletic, as the drawer of the checks, may not bring an action in conversion against the Bank of Darien, as the depositary bank, and the defendant's motion to strike the second count of the second amended complaint is granted.
In the fourth count, the plaintiff alleges that the Bank of Darien was negligent in failing to adequately train and supervise its tellers and check monitoring personnel. The Bank of Darien argues that the plaintiff's negligence claim is legally insufficient because the plaintiff has not alleged sufficient facts to establish a duty owed by the Bank of Darien to Stamford Athletic.
Stamford Athletic argues that General Statutes §42a-4-103 (a) clearly imposes an obligation on banks to act in good faith and to exercise ordinary care in the conduct of business. Furthermore, the plaintiff claims that the allegations in the complaint that an employee of the Bank of Darien was involved in the wrongdoing and used her own account to facilitate the check cashing, gives rise to a duty owed by the Bank of Darien to Stamford Athletic. According to the plaintiff, the circumstances in the present case created a duty on the part of the Bank of Darien to take inquiry notice. Therefore, the plaintiff argues that the motion to strike the fourth count should be denied.
"Whether a duty of care exists is a question of law to be decided by the court." Waters v. Autuori, supra, 236 Conn. 826. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act CT Page 2114 or failure to act." Calderwood v. Bender, 189 Conn. 580, 584,457 A.2d 313 (1983). "There can be no actionable negligence . . . unless there exists a cognizable duty of care." Waters v.Autuori, supra, 236 Conn. 826.
In the present case, Stamford Athletic essentially alleges that the Bank of Darien was negligent in cashing the company's forged or altered checks and in failing to adopt and implement a policy to detect and dishonor such checks. In addition, Stamford Athletic claims that a Bank of Darien employee, defendant Attle, participated in the wrongdoing and facilitated the check fraud scheme by allowing certain checks to be cashed against her own personal account.
Viewing the above allegations in a light most favorable to the plaintiff, Stamford Athletic has alleged facts sufficient to establish a duty owed by the Bank of Darien to exercise ordinary care in the handling of Stamford Athletic's checks. "Under General Statutes § 42a-4-103, banks come under the general obligations of the use of good faith and the exercise of ordinary care in the handling of negotiable instruments." (Internal quotation marks omitted.) Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 43, 492 A.2d 219 (1985). See also General Statutes § 42a-3-405 ("If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss."). Accordingly, the defendant's motion to strike the fourth count of the second amended complaint is denied.
Finally, the plaintiff alleges in the seventh count that the Bank of Darien breached its warranty to Stamford Athletic under General Statutes § 42-4-207. The Bank of Darien argues that the seventh count is legally insufficient because the transfer warranties contained in § 42a-4-207 were not made to Stamford Athletic. The plaintiff did not brief this issue and conceded the defendant's argument at Short Calendar.
General Statutes 42a-4-207 (a) provides in pertinent part: "A customer or collecting bank that transfers an item and receives a settlement or other consideration warrants to the transferee andto and subsequent collecting bank that: (1) The warrantor is a CT Page 2115 person entitled to enforce the item; (2) all signatures on the item are authentic and authorized; (3) the item has not been altered. . . ." (Emphasis added.). The § 42a-4-207 warranty "does not run to a drawer because it is not a payor, transferee or collecting bank." Bank Polska Kasa Opieki v. Pamrapo SavingsBank 909 F. Sup. 948, 955 (D.N.J. 1995), citing Life Ins. Co. ofVirginia v. Snyde, 141 N.J. Super. 539, 542-44, 358 A.2d 859
(Law Div. 1976). Because the transfer warranty in § 42a-4-207 does not run to a drawer like Stamford Athletic, the seventh count of the plaintiff's second amended complaint is stricken.
Karazin, J.