**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3010-23

LARISSA ROZENFELD,

      Plaintiff-Appellant,

v.

JUAN COLON, STUART
WAINBERG, and WAINCO
REALTY, LLC,

      Defendants-Respondents.

_____

Submitted August 27, 2025 – Decided September 5, 2025

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-001690-23.

Larissa Rozenfeld, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

    Plaintiff Larissa Rozenfeld appeals from the April 25, 2024 order dismissing her complaint and all counterclaims with prejudice following a bench

trial before the Special Civil Part, Small Claims Division.[1]  After review of the record and applicable law, we affirm.

I.

We glean the salient facts from the trial record.  Plaintiff was an employee of defendant Wainco Realty, LLC for approximately ten years.  After the COVID-19 pandemic commenced, plaintiff began working remotely and, in the summer of 2022, Wainco relocated its office to a different location in South Orange.

On May 30, 2023, Wainco terminated plaintiff's employment.  Plaintiff later sued defendants Juan Colon, Stuart Wainberg, and Wainco Realty, LLC (collectively "defendants") in the Law Division, Special Civil Part, Small Claims Division, seeking $2,000 to compensate her for their failure to return a photograph and an alleged antique desk.  Defendants counterclaimed for damages stemming from plaintiff's alleged destruction of accounting records from Wainco's computer system.

Plaintiff testified that when she saw a certain photograph in Wainco's garbage, Wainberg gave her permission to hang it in her office at Wainco.

_____

[1] Defendants did not cross-appeal nor file a merits brief responding to plaintiff's appeal.

A-3010-23

Plaintiff did not proffer proof of ownership but, instead, asserted the photograph was given to her as a gift.

Similarly, plaintiff provided no evidence of ownership for the item she described as an antique desk, beyond her testimony and photographs of the items. She testified that her son-in-law purchased the desk as a gift for her about twenty-five years ago and she later brought it to Wainco, intending to use it in her office. She testified the desk was placed in Wainco's basement and was never moved to her office.

Plaintiff, a certified public accountant, did not testify to any qualifications to appraise the photograph or desk based on training, certificates, or licensure and generically asserted that art was a "hobby." Plaintiff estimated the desk's value to exceed $1,500 and testified the photograph was worth approximately $500. Plaintiff did not present any proofs as to the value of the items, other than her own testimonial estimates.

Wainberg testified the photograph was from the 1930s, was given to him by the previous owner of the building, and remained on the wall in his Wainco office until they sold the building and moved in May 2000. Despite plaintiff's interest in the item, Wainberg testified he discarded the photograph since it was no longer significant to him. Both Wainberg and the property manager, Colon,

3

testified they had never seen an antique desk in Wainco's basement, which was empty other than electric metering equipment.

A June 14, 2023, text message exchange regarding the photograph between plaintiff and Colon was moved into evidence at trial. Plaintiff's text to Colon stated, "[c]an you drop off that picture please? Not sure if there was anything else in the storage that was mine[,] like a table. Could you look around? Thanks." Colon responded that he would drop the photograph off in a few days, but he never did. A few months later, plaintiff texted Colon again, and Colon replied that he could not find the photograph because he had switched vehicles and left it in his previous one.

At the conclusion of trial, the court found that plaintiff had not physically worked in Wainco's office from the onset of the pandemic in 2020 through her termination in 2023. Based on the testimony it accepted as credible, the trial court dismissed plaintiff's complaint based on her failure to prove ownership of the photograph and desk, along with the lack of proofs on damages. The court also dismissed defendants' counterclaim based on their failure to establish through expert testimony that plaintiff erased the Wainco-issued computer and destroyed its accounting records.

A-3010-23

On appeal, plaintiff contends the trial court erred in dismissing her complaint with prejudice and finding she failed to establish both liability and damages. Plaintiff asserts she was entitled to a finding of ownership of the photograph since her employer abandoned the photograph by discarding it in the garbage; the trial court improperly credited Colon and Wainberg's testimony that they never saw the alleged antique desk at Wainco; and the trial court erred by not accepting her testimony appraising both items as sufficient proof of damages.

For the reasons that follow, we affirm.

II.

We consider the trial court's dismissal under our oft-cited standards of review. We do not set aside the trial court's factual findings "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of No. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). Our deference to the trial court's factual findings "is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (quoting

5

In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). "Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Id. at 411-12.

However, the "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" and thus are subject to our de novo review. Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Through this lens, we turn to our analysis of the trial proofs.

III.

Plaintiff bears the burden of proving both liability and damages. Notwithstanding that evidence rules may be relaxed, and court procedure may be generally informal in small claims court, "critical facts must be proved and not merely assumed." Triffin v. Quality Urban Hous. Partners, 352 N.J. Super. 538, 543 (App. Div. 2002).

Although not specified on the record, plaintiff's complaint—seeking monetary compensation for alleged lost property—asserts a civil cause of action

A-3010-23

for conversion. "The common law tort of conversion is defined as the 'intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 431 (App. Div. 2011) (quoting Chicago Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 454 (App. Div. 2009)). The elements of conversion are: (1) "the property and right to immediate possession thereof belong to the plaintiff;" and (2) "the wrongful act of interference with that right by the defendant." First Nat'l Bank v. N. Jersey Trust Co., 18 N.J. Misc. 449, 452 (1940). When the issue of ownership is disputed, the plaintiff has the obligation to prove ownership of the property for which compensation is sought. See Finance Servs. Vehicle Tr. v. Panter, 458 N.J. Super. 244, 253 (App. Div. 2019).

Damages flowing from a conversion action are measured by "the fair market value of the converted chattel at the time of conversion by the defendant, with interest from the date of conversion." Model Jury Charges (Civil), 8.41(A), "Conversion" (approved Mar. 2010). "Fair market value is defined as the price which would be agreed upon in good faith negotiations between a willing seller without any compulsion to sell and a willing buyer without any compulsion to buy under usual and ordinary circumstances." Ibid.

A-3010-23

We decline to disturb the trial court's finding that plaintiff did not establish ownership of either the photograph or the desk through credible evidence of the right to immediate possession of the property. Plaintiff's trial testimony does not establish ownership and, instead, establishes she was given permission to hang Wainco's photograph in her office, after she saw the item was going to be discarded. We likewise discern no error in the trial court's apparent rejection of plaintiff's testimony that a desk she owned was stored in Wainco's basement.

The trial record does not establish the photograph constituted a gift from any of the defendants to plaintiff. Our Supreme Court has crystallized the three elements of a valid and irrevocable gift as actual or constructive delivery; that is, the donor "must [first] perform some act constituting the actual or symbolic delivery of the subject matter of the gift." Pascale v. Pascale, 113 N.J. 20, 29 (1988). Second, there must be donative intent; that is, "the donor must possess the intent to give." Ibid. Finally, there must be acceptance. Ibid. The Court has also recognized the donor must absolutely and irrevocably relinquish "ownership and dominion over the subject matter of the gift, at least to the extent practicable or possible, considering the nature of the articles to be given." In re Dodge, 50 N.J. 192, 216 (1967).

A-3010-23

It is plaintiff's burden of proving an inter vivos gift, as the party asserting the claim for compensation.  See In re Est. of Byung-Tae Oh, 445 N.J. Super. 402, 409 (App. Div. 2016).  "As a general matter, 'the recipient [of the alleged gift] must show by "clear, cogent and persuasive" evidence that the donor intended to make a gift.'"  Ibid. (quoting Farris v. Farris Eng'g Corp., 7 N.J. 487, 501 (1951)).  The Court has stated that:

> the donee must show by explicit and convincing evidence that the donor intended to make a present gift and unmistakably intended to relinquish permanently the ownership of the subject of the gift.  Only that understanding and absolute abnegation of power will make the alleged gift enforceable.  If the judicial mind is left in doubt or uncertainty as to exactly what the status of the transaction was, the donee must be deemed to have failed in the discharge of his burden and the claim of gift must be rejected.
>
> [Dodge, 50 N.J. at 216 (internal citations omitted).]

Actual delivery of the gifted property must be established except where "'there can be no actual delivery' or where 'the situation is incompatible with the performance of such ceremony.'"  Foster v. Reiss, 18 N.J. 41, 50 (1955).

Plaintiff's own testimony was that Wainberg permitted the photograph to be taken out of Wainco's garbage and hung on an office wall, in a business location owned by Wainco.  Since the photograph was retained in Wainco's office, there was no clear and convincing evidence of donative intent, delivery

9

to plaintiff personally, nor a parting with dominion and control over the photograph. The same logic applies to the purported gifting of the antique desk. Plaintiff does not cite any decisional law establishing that allowing an employee to display the employer's property in their business office is equivalent to delivery of a gift.

In light of our affirmance of the dismissal of plaintiff's complaint for failure to establish liability, we need not reach the issue of damages. To the extent we have not addressed any of plaintiff's other remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division