**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3499-17T4

SIAKA KROMAH,

    Plaintiff-Respondent,

v.

KATELYN KAGAN and
USMAN RAHEEL,

    Defendants-Appellants.

Submitted February 25, 2019 – Decided March 19, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. SC-000079-18.

Bell & Shivas, PC, attorneys for appellants (Brian C. Laskiewicz and Joseph J. Bell, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Siaka Kromah filed a small claims complaint against defendants

Katelyn Kagan and Usman Raheel, his former roommates, claiming defendants

stole personal property from his room. Following a non-jury trial on March 22, 2018, the judge awarded plaintiff $3042, representing the jurisdictional amount claimed and $42 for court costs. Because plaintiff failed to prove damages, we reverse.

None of the parties was represented by counsel at the trial. Only the parties testified.

Pertinent to this appeal, plaintiff and defendants shared an apartment for several months. Although plaintiff and Raheel had been friends before plaintiff moved in, the relationship between the parties eventually soured. On January 27, 2018, just days before plaintiff's $750 share of February's rent was due, plaintiff texted defendants that he was moving out. An altercation ensued, and defendants would not permit plaintiff and his cousin to enter the apartment to remove plaintiff's belongings. Police were called to the scene, and prevented plaintiff from entering the premises. Plaintiff then called his girlfriend and her father, who removed plaintiff's belongings from his room. Kagan testified that "an officer s[tood] right outside the [unspecified] door the whole time."

Plaintiff testified that defendants stole six pairs of "collective" sneakers, an Amazon Fire television stick, Beats stereo headphones, and jerseys from his room on the day he moved out of the apartment. When plaintiff moved into his

A-3499-17T4

new residence, he realized some of his belongings were missing. Plaintiff claimed he last saw the items the night before the incident. He also stated, without objection, that his girlfriend and her father did not see the items during the move. Plaintiff did not testify to nor introduce any documents in evidence establishing the value of the property.

Defendants vehemently denied the allegations. They also maintained they did not enter plaintiff's room, and did not see, touch, or take plaintiff's items from the room. Specifically, Raheel testified, "The only people that went into his room, w[ere plaintiff's] girlfriend and h[er] dad. The officer was there at all times. Nobody went into his room. We told [the] officer, he can come into our house and check the whole house if he wants to."

At the conclusion of testimony, the trial judge rendered a terse oral decision as follows:

> Listen. These are tough cases. It's . . . one person's word against the other. I don't know -- I'd like to say I can believe everybody but I can't. I can't believe that . . . [plaintiff] . . . would have all these things one day and the next day, he wouldn't. So I believe he's accurate. I believe [plaintiff] over [defendants] and I'm giving [plaintiff] a judgment for $3,000[,] . . . [plus $]42 [in court] costs [for a total $]3,042 judgment . . . .

This appeal followed.

On appeal, defendants present the following points for our consideration:

POINT I

THE TRIAL COURT DECISION BELOW SHOULD BE REVERSED BECAUSE THE DECISION IS UNSUPPORTED BY THE EVIDENCE PRESENTED AT TRIAL AS [PLAINTIFF] FAILED TO PROVE THE ELEMENTS OF CIVIL THEFT AND [DEFENDANTS]' TESTIMONY ESTABLISHED THE VERACITY OF THEIR ACCOUNT OF THE FACTS.

POINT II

ALTERNATIVELY, THIS MATTER SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL BELOW BECAUSE THE RECORD IS INCOMPLETE.

We will not set aside the trial court's findings of fact "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Our deference to the trial court's factual findings "is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (internal quotation marks omitted). "Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of the witnesses." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). However, the "trial court's interpretation of

the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" and thus are subject to our de novo review. Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008) (citation omitted).

Here, other than determining plaintiff was more credible than defendants, the trial judge failed to make any factual findings or conclusions of law contrary to Rule 1:7-4(a), mandating, in pertinent part, that "in all actions tried without a jury" the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon." As long recognized by our Supreme Court, the trial court must clearly state "its factual findings and correlate them with the relevant legal conclusions[,]" as "[n]aked conclusions do not satisfy the purpose of Rule 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980); see also Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016). "Failure to make explicit findings and clear statements of reasoning [impedes meaningful appellate review and] 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis, 83 N.J. at 569-70). Notwithstanding that evidence rules may be relaxed and the procedure may be generally informal in the small claims section of the trial court, "critical facts must be proved and not

A-3499-17T4

merely assumed." Triffin v. Quality Urban Hous. Partners, 352 N.J. Super. 538, 543 (App. Div. 2002).

Against that legal backdrop, we turn to the allegations set forth in plaintiff's complaint. Although, as defendants allude to on appeal, the judge did not determine plaintiff's cause of action in his decision, defendants correctly "characterized [plaintiff's complaint] as stating a civil cause of action for conversion."

"The common law tort of conversion is defined as the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 431 (App. Div. 2011) (internal quotation marks omitted). The elements of conversion are: (1) "the property and right to immediate possession thereof belong to the plaintiff;" and (2) "the wrongful act of interference with that right by the defendant." First Nat'l Bank v. North Jersey Trust Co., 18 N.J. Misc. 449, 452 (1940).

Particularly relevant here, damages flowing from a conversion action are measured by "the fair market value of the converted chattel at the time of conversion by the defendant, with interest from the date of conversion." Model

Jury Charges (Civil), 8.41(A), "Conversion" (approved Mar. 2010). "Fair market value is defined as the price which would be agreed upon in good faith negotiations between a willing seller without any compulsion to sell and a willing buyer without any compulsion to buy under usual and ordinary circumstances." Ibid.

Further, we have consistently held that the owner of an article of personal property is competent to testify as to his estimate of the property's value and that the extent of its probative value is for the consideration of the factfinder. See Lane v. Oil Delivery, Inc., 216 N.J. Super. 413, 419 (App. Div. 1987). If an item is brand new, proof of the item's original cost may sustain an owner's burden of proof as to value. Id. at 420; see also State v. Romero, 95 N.J. Super. 482, 487 (App. Div. 1967).

Ordinarily, we might remand this matter for the judge to set forth the reasons for his opinion. See, e.g., Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996). However, the record here is devoid of any evidence of the fair market value of plaintiff's personal items on the date that defendants allegedly converted them. Plaintiff failed to testify as to the value of the missing items, or provide receipts of purchase, approximate dates of purchase, the condition of each item, photographs, or any other evidence from which the judge could have

7

properly deduced the fair market value of the property. In fact, plaintiff never alleged any monetary value, whatsoever, for any of the alleged stolen items, other than the aggregate jurisdictional amount of $3,000 stated in his complaint.

Rather, the trial judge determined damages for an unspecified cause of action, from his own personal knowledge that some of the items were costly. For example, during colloquy with Kagan, the judge stated, "I know from my kids, sneakers are very expensive." Likewise, he "kn[e]w" that "[a] fire stick, clothes . . . [and] Beats stereo headphones. . . . are very expensive." Although it may be inferred from that colloquy that the judge determined plaintiff's damages exceeded the jurisdictional amount of $3,000, a trial judge's colloquy during a hearing is not a substitute for the judge's obligation to articulate findings of facts and conclusions of law. Pardo v. Dominquez, 382 N.J. Super. 489, 492 (App. Div. 2006). Nor should the judge "fill in missing information on [his] own." New Jersey Dept. of Children and Families, Div. of Youth and Family Services v. A.L., 213 N.J. 1, 28 (2013).

Moreover, an award of damages must be calculated with reasonable certainty and should not be based upon "mere speculation." Caldwell v. Haynes, 136 N.J. 422, 442 (1994). While precision in such calculations is not essential, the trial record should provide a sufficient "foundation which will enable the

A-3499-17T4

trier of the facts to make a fair and reasonable estimate."  Id. at 436; see also

Lewis v. Read, 80 N.J. Super. 148, 174 (App. Div. 1963) ("The law abhors

damages based upon mere speculation.").  In this case, plaintiff did not establish

the requisite foundation to support the judge's award.

In sum, while we do not disagree with the trial judge that small claims

matters can be "tough cases[,]" his oral opinion sets forth no legal or factual

analysis, other than a cursory credibility determination that he believed plaintiff

would have possession of the items on "one day" but not on "the next day."

Because our de novo review of the record leads us to conclude plaintiff did not

establish damages at all, let alone with reasonable certainty, we are constrained

to reverse the judgment.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3499-17T4